NELSON M. KNICKERBOCKER, Plaintiff in Error, v. THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

The proof of exclusive possession by the prisoner, recently after the theft, of the whole or some part of the stolen property, is sufficient, when standing alone, to throw upon him the burden of showing how he came by it, and if he fails to do so, warrants the jury in convicting him of larceny.

And if the property was shown to have been taken by burglary or robbery, such possession unexplained is sufficient also to warrant a conviction of those crimes.

(Cause argued December 1, 1870; decided December 13, 1870.)

ERROR from the Supreme Court, in the fourth judicial district, where the judgment of the Saratoga County Sessions, convicting the plaintiff in error of burglary, was affirmed. It appeared on the trial that on the night of the 21st of October, 1867, the jewelry store of one West was broken open and robbed of watches and jewelry to the amount of some $2,000. It also appeared that the prisoner, a watchmaker, had worked

for West; was familiar with his premises; and on the night in question was there until about half-past nine, when West closed his store.  Prisoner lived with his mother, some four or five miles distant.  In a month or two thereafter one of the stolen watches was found in his possession.  There was evidence tending to show that the prisoner gave a false account of the manner in which he obtained this watch.

The prisoner introduced in evidence a bill of sale of the watch, purporting to be signed by the witness, West, to one Bellamy, and dated on the 29th of said October; and Bellamy testified that he purchased the watch on that day from West and paid for it, and that West signed the bill of sale in his presence.  The prisoner also gave evidence that he was at home, at his mother's, from about eleven o'clock on the night of the burglary, in bed with his brother, until the next morning.

West denied any knowledge of Bellamy; had never seen him before, and pronounced the bill of sale a forgery.  Other testimony was given that it was not in his handwriting.  Some of the works of the watch had been changed when found with the prisoner.

The prisoner's counsel requested the court to charge the jury that the mere possession of stolen property is not *prima facie* evidence of the commission of the burglary by the prisoner.  Refused and exception.

But the court charged that the possession of stolen property immediately after the commission of the offence is *prima facie* evidence of guilt.  In other words, the accused is called upon to explain how the property came into his possession.  This was excepted to.  The prisoner was convicted.  The case is submitted upon briefs.

*Charles S. Lester*, for the plaintiff in error, among other citations, relied upon *People* v. *Frazier* (2 Wheeler's Crim. Cases, 55); *Jones* v. *People* (6 Park., 126); *Davis* v. *People* (1 id., 447); 3 Greenl. on Evi., § 31.

*W. B. French*, district attorney of Saratoga, for the defendants in error.

By the Court—PECKHAM, J.   The request to charge does not seem to be based upon the evidence.   Its terms imply that the watch was stolen, and that the only connection of the prisoner with it was its "mere possession."   Whereas, he was at the place of the burglary on the night it occurred, and there was proof tending to show a false account as to how he came by the property, and nothing to contradict it; as on the assumption that it was stolen, his witness, Bellamy, through whom he must have claimed title, was confessedly guilty of forgery and perjury as to the bill of sale and the purchase of the watch.

Under such circumstances the request was merely hypothetical.   Confessedly there was other material evidence in the case, and hence the court might perhaps properly have refused to charge as requested.   (*Shorter* v. *The People*, 2 N. Y., 193 at 203.)

The court was asked virtually to charge that the prisoner could not be convicted upon a part of the material evidence before the jury.   The court declined to charge in that way.   A judge may properly be called upon to charge as to the law upon a part of the case, if the jury should disbelieve the other part.   Here, the judge did charge fully upon the question presented, and we think correctly, viz. : That "possession of stolen property immediately after the commission of the offence is *prima facie* evidence of guilt.   In other words, the accused is called upon to explain how he obtained the property."   The judge made no distinction between larceny and burglary.   His attention does not seem to have been specifically directed to such distinction.   In the case presented we think there is none.

We think it well settled law, that the exclusive possession of the whole or some part of stolen property by the prisoner, recently after the theft, is sufficient when standing alone to cast upon him the burden of explaining how he came by it,

or of giving some explanation; and if he fail to do so, to warrant the jury in convicting him of the larceny.

Such is and has been the practice of the criminal courts in this country and in England, as appears by the reports and by elementary writers. Best on Presumptions (31 Law Lib., N. S., p. in margin 304). In the 5th ed., 292 of this work, the rule is repeated and affirmed; but the author seems disposed to limit the rule on the authority of Bentham. (3 Bent. Jud. Ev., 39–40.)

But the reasoning of Bentham is founded upon the idea that the possession is frequently not exclusive, but may be in many, therefore not criminative of either, and other illustrations, showing the necessity of exclusive and conscious possession, etc. (See also 1 C and H notes, p. 425, note 325.) These are sound limitations. (Wills on Cir. Ev., 4th ed., 53, 54.) Russell on Crimes says, in such case, "it is incumbent on the person so found in possession, to prove how he came by it, otherwise the presumption is that he obtained it feloniously." (Russ. on Crime, 4th ed., by Graves, 337, in margin 123; 2 East, Pleas of the Cr., 656.) Greenleaf, in his first volume, lays down the rule broadly that, " possession of the fruits of crime, recently after its commission, is *prima facie* evidence of guilty possession; and if unexplained, either by direct evidence, by the attending circumstances, by the habits of life and character of the prisoner or otherwise, it is taken as conclusive." (1 Green. Ev., § 34, rev. ed.) In his third volume, he modifies this rule, but without any authority except a reference to Best on Pres., above cited, Wills on Cr'l. Ev., and Alison's Principles of the Cr'l. Law of Scotland, p. 320, and they do not sustain him. Alison says, that possession of stolen property, recently after theft, is the circumstance of all others which most strongly militates against a panel, and, unless explained by him in some way consistent with his innocence, almost always leads with sensible jurors to his conviction. (3 Green. Ev., § 31.) The cases he cites in the following sections of his work all sustain the rule as already given. Best says that judges have put limits upon the rule that possession alone is

sufficient evidence of guilt. They have as to the recency of possession after the thing was stolen, and as to the exclusive possession, etc.; but no case has, either here or in England, been cited where the rule has been abrogated or disregarded. (*State* v. *Weston*, 9 Conn., 527.)

But it is insisted, that though the possession of the pro-. perty may be presumptive evidence of larceny, it is not evidence of burglary. We are referred to several cases in this State looking in that direction. (*People* v. *Frazier*, 2 Wheeler Cr. Cas., 55; *Davis* v. *People*, 1 Park. Cr. R., 447; *Janes* v. *People*, 6 id., 126.)

In these cases as stated, the question was not necessarily decided. The larceny in the last case may have occured after daylight as appears by the report. On the other hand, the rule is uniformly laid down in the elementary writers who discuss the subject, many of whom have been already referred to, that the recent possession of the fruits of crime is evidence of the crime itself, as of robbery, burglary. Thus "the possession of stolen goods recently after the loss of them, may be indicative, not merely of the offence of larceny, but of any other more aggravated crime which has been connected with theft." (Wills on Cr'l. Ev., p. 61., 4th ed.)

It seems almost impossible to escape the conclusion, that if possession be evidence of the larceny, it is also evidence of the burglary. Mere possession of another's property proves nothing, until it is shown how it was taken. If the taking were a mere trespass, it is impossible to make the possession evidence of anything more or less than the trespass. If a larceny, then it is evidence of the larceny. Here it is entirely clear that the only taking proved, was a burglarious taking, a burglarious larceny, and no other. The recent possession thereafter of the property thus taken, is evidence that the possessor burglariously took it; is evidence of that crime, as no other crime, except a burglarious larceny is proved. It proves that crime, or it proves nothing. Upon such proof you might as well say that it proved a trespass

simply, as to say it proved only a larceny. The answer to each is, that no such offence is proved. The only offence proved being a burglarious larceny—a burglarious taking—recent possession thereafter proves the prisoner guilty of that offence if it prove any taking; as no other offence or taking is proved. Strike out the proof of the burglary in this case, and the prisoner is proved guilty of no crime. Insert it, and possession proves him guilty of that crime, if of any.

In the language of LITTLEDALE, J., in *Rex* v. *Smith* (1 Ry. & Mood., 295), proof of "possession of stolen property, soon after a robbery, refers to the original taking with all its circumstances." (See *Comm'th.* v. *Millard*, 1 Mass., 6; *R.* v. *Exall*, 4 Fost. & Fin., Nisi Pri. R., 922). POLLOCK, Ch. B., charged the jury in this case, " that property recently stolen, found in the possession of a person, is always presumptive evidence against that person, unless the possession can be accounted for and explained. The principle is this: that if a person is found in possession of property recently stolen, and of which he can give no reasonable account, a jury are justified in coming to the conclusion that he committed the robbery; and so it is of any crime to which the robbery was incident, or with which it was connected, as burglary," etc. The prisoner in that case was on trial for burglary. This was in 1866.

The change, in the third of Greenleaf, from the position laid down in the first volume, as before stated, has produced two decisions in California, to the effect, finally, that recent possession is no evidence and does not even call upon the prisoner for a defence.

It has been justly remarked that the necessity of admitting circumstantial evidence is more obvious in criminal than in civil cases; for the probability of proving the matter by direct evidence is much more difficult in the former. Crime is usually committed in secret. No witness is called to a burglary; and unless resort be had to presumptive or circumstantial evidence, the crimes most dangerous to society will go unpunished. That this evidence of possession of stolen goods may

possibly lead to error, is only saying that human tribunals may err. Some two hundred years since, Lord Hale spoke of a case where a man was unjustly convicted of horse stealing, upon proof of finding the stolen horse in his possession on the day he was stolen. It afterwards appearing that the real thief, being hotly pursued, and overtaking the prisoner in the road, requested him to hold his horse while he stepped into the field a moment. He was thus apprehended and condemned. This trial did not take place before Lord Hale. Its accuracy is perhaps questionable; yet, it has been industriously repeated in nearly all of the numerous works upon evidence, but it has not changed the law. We may safely affirm that quite as many convictions have occurred through direct but false testimony. That is ground for care and caution, not for the rejection of all testimony. So in Best, §§ 224, 226, cited in 3 Green., to impair the force and effect of recent possession of stolen property, in section 224, a case is given of three men uniting to convict an innocent man. One holds him, another puts a stolen article in his pocket and the third running up as if by accident, finds the article there and denounces him to justice as a thief, and this conspiracy of these three direct perjurers is instanced as a case of circumstantial evidence. Section 226 supposes a case where the property was taken either to find the true owner or to bring the thief to justice. No conviction has been heard of in any such case. There is very little danger to the innocent from this rule of evidence which has been followed for centuries; innocence so readily asserts itself. Its abrogation would greatly weaken the power of criminal prosecutions, which are already sufficiently weak.

All concurring, except CHURCH, Ch. J., who did not vote.

Judgment affirmed. ·