DILLON, plaintiff in error, v. PEOPLE.

*Larceny — identification — Evidence — presumption of guilt from possession.*

Defendant was indicted for the larceny of a quantity of pig-iron; and the evidence showed that the iron was found in defendant's possession in a boat, at three o'clock in the morning; that complainant had missed a like quantity of iron which he had had in his possession the day previous; that, on the following afternoon, complainant identified the iron found in defendant's possession. Defendant's statement was that he had bought the iron of a canal boatman for $15, whereas the value of the iron was $50. *Held,* (1) that the question of the identity of the iron was for the jury; (2) that, under the circumstances, the court properly refused to charge the jury that

the mere possession of property stolen was not *prima facie* evidence of the commission of the larceny by defendant; (3) that the court properly charged that stolen pioperty immediately afterward found in possession of a party afforded the presumption that the person having the possession had stolen it ; and (4) that the court properly refused to charge that where a man, in whose possession stolen property is found, gives a reasonable account of how he came by it, the prosecutor is required to show the account to be false.

ERROR brought by plaintiff to review the record and proceedings resulting in the conviction and sentence of plaintiff under an indictment for grand larceny. Steven Dillon, the plaintiff in error, was indicted jointly with John Walsh for the larceny of a quantity of pig-iron, valued at about $50. At the trial the evidence showed that the prisoner was arrested in a boat on the Hudson river, at about three o'clock in the morning, and twenty-eight pigs of iron were found in the boat. The iron was identified the next afternoon by the complainant, A. B. Hazard, the agent of the Allentown Iron Company, as being a lot belonging to that company, which he had missed. The iron was in complainant's possession the day before. He identified it by certain marks and the shape and color. The quantity was the same as that missed. The prisoner stated that he bought the iron for $15 of a canal-boat captain, but did not give the name of the captain. At the close of the evidence counsel for the prisoner requested the recorder, before whom the cause was tried, to take the case from the jury, on the ground that the description of the identity of the property was too indefinite, vague and unsafe to convict the prisoner. The recorder denied the request. The requests to charge and the points charged appear in the opinion.

*Peter Mitchell*, for plaintiff in error.

*B. K. Phelps*, district attorney, for the people.

DANIELS, J. The defendant, Steven Dillon, was convicted of the crime of grand larceny in the court of general sessions, and sentenced to be imprisoned, in the State prison, for the term of five years. Exceptions were taken, in his behalf, to the charge given to the jury, and to refusals on the part of the learned recorder to charge as requested by the defendant's counsel. After judgment, a writ of error was issued for the purpose of securing a review of

such exceptions. The first was taken to the refusal of the court to take the case from the jury, on the ground that the description of the identity of the property was too indefinite, vague and uncertain to convict the defendant upon, and not sufficient in law to be submitted to the jury.

The property charged to have been stolen was twenty-eight bars of pig-iron; and the evidence of the agent having it in charge, and who was the sole agent here at the time for its sale, was that it bore the marks and presented the appearance of the iron in his possession, some of which he testified had been taken away from the premises where it was deposited, and from a boat having a portion of it on board, during the night, in the early morning of which the defendant was arrested. His testimony was that he did identify the iron, when he saw it early in the following afternoon, by its marks and looks. This, with the facts that it was found in the defendant's boat upon the river at half-past three o'clock in the morning, and his subsequent statement that it was bought of a canal-boat captain for $15, when the uncontradicted evidence was that its value was about $52, were sufficient to justify the submission of the question of the identity of the property to the jury. The case in this respect was entirely different from the authority relied upon by the defendant's counsel in support of this objection. *State* v. *Furlong*, 19 Me. 225. The proof in that case did not show that the property found in the defendant's possession had been stolen at all, and the witness who was alleged to be its owner could not identify it so as to distinguish it from the same kind of property sold to his customers residing in the same vicinity as the prisoner; while in the present case the evidence of the agent showed that a larceny of the iron had been probably committed, that the quantity taken was similar to that found in the prisoner's possession, that it had the marks and appearance of the iron in the agent's custody, and that no other iron of that description was, at the time, probably on deposit or for sale in the vicinity. The proof was sufficient to render it the duty of the court to submit the identity of the property to the jury.

The comments of the court on the evidence given by the same witness, that on being shown the iron the next day he recognized it beyond any doubt as being the property which had been taken away from his possession, was also excepted to. No request for its modification, in any respect, was made on the part of the defendant, and it is certainly true that the statement made was fully as

strong as the evidence of the witness would justify. He did not in words say that he recognized the property as his beyond any doubt, but it is not difficult to perceive that he intended as much as that by the statements which he made. He testified that he did identify the iron as that which he was sure he saw the night before, on the boat at his dock. That he had received it about a week before, and knew it by its being new iron, the color of the sand used by the company that manufactured it, the shape of the pigs and the letters upon it. That he would be pretty certain about it without the letters, but not as certain as with them. The fair inference from his statements was that the iron found with the defendant was a part of that sent to him for sale, and which had been carried away during the preceding night. And no reason exists for supposing that he entertained the least doubt as to the correctness of his statements. They were made with a sufficient degree of positiveness to justify the comment made upon them by the learned recorder.

The defendant's counsel requested the court to charge the jury that the mere possession of the property stolen was not *prima facie* evidence of the commission of the larceny by the defendant. This the court refused to do, and the defendant's counsel excepted. The request must of course have been designed and understood to relate to the defendant's possession, as that had been shown by the evidence given in the course of the trial. There was no dispute as to the facts constituting that portion of the case. The larceny appeared to have been committed sometime during the night, and the property was found by the police in the possession of the defendant and another person with him, in a small boat managed by them, at half after three o'clock in the morning. The possession at that unseasonable hour for lawful traffic was, within the authorities, sufficient to maintain the presumption of the defendant's criminal agency in procuring it. It was so recent, and so suspicious, that it was consistent with no other rational conclusion than that of guilt. " Generally, whenever the property of one man, which has been taken from him without his knowledge or consent, is found upon another, it is incumbent on that other to prove how he came by it; otherwise the presumption is that he obtained it feloniously." 2 East's Crim. Law, 656. This was cited with approbation in the case of *State* v. *Furlong, supra,* and its accuracy as a general legal proposition is sustained by the decision made in the case of *Knickerbocker* v. *People,* 43 N. Y. 177.

As the proposition was first stated by the court, concerning the presumption arising from the fact of recent possession of stolen property, it was rather too decided against the defendant. For it is a presumption of fact; one which the jury may act upon, and not one which by law they are required to follow. But it was afterward qualified, and submitted to the jury in that form. The court upon that subject responded to the request of the defendant's counsel, that it was presumptive evidence; and, further, charged that stolen property, immediately afterward found in possession of a party, afforded the presumption that the person having the possession had stolen it. The case was finally submitted to the jury upon that proposition, and it was as favorable to his case as the defendant had any legal right to require.

The court also declined to charge the proposition presented by the defendant's counsel, that where a man in whose possession stolen property is found gives a reasonable account of how he came by it, the prosecutor is required to show the account to be false. That may be true as to a large class of cases, where considerable time has elapsed between the taking and the discovery of the fact of the possession; but, to bring the case upon this point within the rule relied upon by the defendant's counsel, as it is stated in the authority cited by him, it is necessary that it should appear that a reasonable account of how the possessor came by the property should be given to those finding him in possession. *Regina* v. *Crowhurst*, 1 Car. & Kir. 370. In the present case nothing of that kind was done; for, according to the evidence of the policeman who made the arrest, the defendant gave no account of his possession until they were at the police court sometime after the arrest had been made. The defendant himself swore that he told the policeman at the time of the arrest that he had bought the iron. When or where he claimed to have bought it he did not state that he disclosed. What he said he stated himself gave no reasonable account of the manner in which he obtained possession of the iron, and, under the circumstances attending his detection and arrest, it was wholly unworthy of belief.

Even if the proposition, as the court was requested to charge it, had been accurate, it was not raised by the evidence given in the case. Beyond that, the prosecutor cannot be required to show that the defendant's statements are false when given in exculpation of

what seems to be a guilty possession, as long as the circumstances attending it are such as to indicate that they are not true.

The question is one for the jury, who would ordinarily acquit on the faith of them where they appeared to be probable, but would reject them under circumstances throwing grave suspicions upon their truth. No arbitrary, unbending rule exists upon this subject applicable to all cases of possession of stolen property. What the law requires is that the defendant's statement should be credited where it appears to be probable and consistent with the facts; while, on the other hand, the jury is not only at liberty, but it is their duty, to decline to adopt and act upon it when it is inconsistent with other facts proved, tending to establish guilt, and suspicious and improbable in itself.

There is nothing in the case from which the defendant's conviction can be held to have been improper, and the judgment should therefore be affirmed.

DAVIS, P. J., and Brady J., concurred.

*Judgment affirmed.*