## SUPREME COURT — SPECIAL TERM — KINGS COUNTY.

### October, 1919.

## THE PEOPLE EX REL. CHARLES PRESSLER v. WARDEN CITY PRISON.

(109 Misc. 155.)

HABEAS CORPUS*—WHEN DISCHARGE ON WRIT OF, DENIED—WHAT SUFFI-
CIENT TO JUSTIFY A WARRANT OF ARREST—CRIMINAL LAW.

An information stating that two days before certain tools were found in premises that had been burglarized, they were sold to and were in the possession of the defendant, is sufficient to justify a warrant of arrest charging him with the burglary, and his discharge on a writ of habeas corpus will be denied.

HABEAS CORPUS proceedings.

*Harry Kopp,* for relator.

* See notes in Vols. 15, 152; 23, 55.

*Harry E. Lewis (Harry G. Anderson* on the brief), *District Attorney,* for respondent.

CROPSEY, J.:

The relator seeks discharge on a writ of *habeas corpus.* He is detained under a warrant issued by a city magistrate charging him with the crime of burglary. The contention is that the information is insufficient. This states, in substance, that shortly after a burglary had been committed certain tools were found in the burglarized premises, and that those identical tools were in the possession of the accused two days before the burglary, having been sold to him at that time.

It cannot be questioned that proof of the facts stated in the information would be admissible against the accused. (People v. Lagroppo, 90 App. Div. 219, 227, 228, affd., 179 N. Y. 126, 18 N. Y. Crim. 426; People v. Del Vermo, 192 id. 470, 480, 481, 23 N. Y. Crim. 1; Commonwealth v. Scott, 123 Mass. 222, 229, 237; Lawson Presump. Ev., rule 106.) In fact, relator's counsel does not contend that such proof would be inadmissible, but urges that it would be insufficient to justify a conviction. That, however, is not the question which the magistrate must decide. But even if it were, such proof would be sufficient to warrant a finding of guilt. If an accused were shown to have had conscious and exclusive possession of certain articles shortly before a burglary was committed and those identical articles were found in the burglarized premises directly after the crime was committed, and there was no further proof, a jury or the trier of the facts would be justified in inferring and finding that they had been left there by the person in whose possession they had previously been shown to be. (See People v. Giordano, 213 N. Y. 575, 579, 582, 32 N. Y. Crim. 467.) Wigmore, in his Principles of Judicial Proof, at pages 164 and 165, quotes from Burrill's A Treatise on Circumstantial Evidence the following:

" The participation of the accused in the crime proved to

have been committed is shown by those physical facts or appearances which connect him with it; affording so many natural coincidences, harmonizing with the supposition of his guilt. They are, in other words, the traces, marks, or indications, more or less distinct and impressive, of the presence of a particular criminal agent; * * * and may be enumerated in the following order: * * *

" 4. *Objects left* at the scene of crime, by the supposed offender, being identified as belonging to him or previously seen in his possession.    Of this description of traces of the person are the instruments of the crime themselves; such as the pistol, razor, knife or hatchet used in committing a murder; articles of dress, such as a hat, a glove, a neck-cloth, a cloak, and the like.    These furnish obvious means of identifying the criminal."

In Lawson's Law of Presumptive Evidence the following rule (108) is laid down: " Possession by the accused of the means for committing the crime charged against him may raise a presumption of his guilt."    And the author gives various illustrations in support of the rule.    (See also Underhill Crim. Ev. [2d Ed.], § 423.)

Where property shown to have been in premises which were burglarized was shortly after the commission of the crime found in the conscious and exclusive possession of the accused, such proof justifies the inference and hence the finding that it was taken by him and that he committed the crime in question.    And no other proof is necessary.    (Knickerbocker v. People, 43 N. Y. 177; Stover v. People, 56 id. 315; People v. Weldon, 111 id. 569; People v. Wilson, 151 id. 403, 12 N. Y. Crim. 116; People v. Friedman, 149 App. Div. 873.)

The facts alleged in the information in the present proceeding make out a stronger case against the accused than in the cases last cited.    In those, the possession of something which had been taken from the scene of the crime was held to warrant the inference that the possessor had taken it.    In the present

case, the thing found at the scene of the crime was shown to have been in the possession of the accused shortly before the offense was committed; and the presumption that naturally follows that a situation shown to exist continues gives added weight to the proof here.

The writ is dismissed and the prisoner is remanded.

Writ dismissed.