THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PAUL FARONE, Appellant.

Third Department, July 1, 1927.

Crimes — burglary, third degree — grand larceny, second degree — ladies' dresses, silk underwear and hosiery were stolen — some of goods were found in room occupied by woman, also indicted, with whom defendant was living — woman testified she bought clothing — evidence does not justify verdict of guilty — new trial granted.

The defendant was convicted of the crimes of burglary, third degree, and grand larceny, second degree, on the charge that he had stolen dresses, silk underwear and hosiery from a store. A part of the goods was found in a room occupied by the defendant and by a woman with whom he was living, and who was jointly indicted with him. Her testimony, though somewhat unsubstantial, was to the effect that she had purchased the clothing and that the defendant knew nothing about it. In view of the fact that the evidence fails to show that the defendant was at or near the place where the crime was committed at the time it was committed, and that the only evidence to connect him with the crime is the fact that some of the articles were found in the room occupied by himself and the woman who was jointly indicted with him, the verdict of guilty is reversed and a new trial granted.

APPEAL by the defendant, Paul Farone, from a judgment of the County Court of the county of Saratoga, rendered on the 5th day of November, 1925, convicting him of the crimes of burglary, third degree, and grand larceny, second degree, and also from an order denying defendant's motion for a new trial made upon the minutes.

*Barkhuff & Conway*, for the appellant.

*John B. Smith* [*J. W. Atkinson* of counsel], for the respondent.

WHITMYER, J. Defendant was indicted, jointly with one Caroline Savarese, for burglary, third degree, and grand larceny, first degree, and had a separate trial. She has not been tried and was in the Saratoga county jail at the time of appellant's trial.

Some person or persons broke into the store of Edwin C. Welch, in Ballston Spa, N. Y., some time during the night of May 15, 1925, and stole about 131 ladies' dresses and some silk underwear and hosiery, all of the value of $3,000. On July 10, 1925, some of the articles were found in bureau drawers and in a wardrobe trunk in a room of the Western Hotel, Saratoga Springs, N. Y. Defendant and the Savarese woman were occupying the room as husband and wife and had been since June 27, 1925. They were suspected, arrested, indicted, and defendant was convicted and sentenced to seven years in Clinton Prison. The evidence was sufficient to sustain the verdict as to the crimes and the degrees. Whether or not it was sufficient to connect defendant is the only question. He did not testify. His companion did. She is married and had known him for a year. He is not married. She claimed that she bought the goods from two peddlers, who came to No. 23 Hamilton street, Albany, N. Y., where she roomed and boarded. At first, she fixed the middle of May, then, the middle of June, as the time. She claimed that the peddlers took her in a cab to two rooms, where they lived, or had the goods. She did not know them, did not know their names, and did not know where they took her. And, she claimed that, after she had picked what she wanted and paid fifty dollars down on the price of ninety-five dollars, she put the things in two valises, and took them back with her in the same cab. She testified that defendant did not have anything to do with paying for them. Then, she had the dresses remodeled to fit her, she said, and they were found later, as stated.

The exclusive possession of the whole or some part of stolen property by a prisoner, recently after a theft, is sufficient, when standing alone, to cast upon him the burden of explaining how he came by it or of giving some explanation and, if he fails to do so, to warrant the jury in convicting him of the larceny. (*Knickerbocker* v. *People*, 43 N. Y. 177, 179.) And the question whether the possession of stolen property by a person accused of larceny establishes his guilt is one of fact for the jury. (*People* v. *McCallam*, 103 N. Y. 587, 588, 596.) In the case last cited the court said (at p. 596): " It was not necessary to show exclusive possession of the stolen property to authorize the conviction of the defendant, and such a rule only applies in a case where the evidence of guilt is the possession of the property stolen, and it is to be presumed from that fact." There was evidence in each of those cases that

the defendant in each was at the place of the crime at the time and other evidence, in addition, and the judgment in each was affirmed.

Here the evidence fails to show that defendant was at or near the place where the crimes were committed on the night when they were committed and the only evidence to connect him is the fact that some of the stolen articles were found in the hotel room which he and his companion were occupying as husband and wife. He was not there alone. The articles consisted of women's wear and the dresses had been remodeled to fit his companion. Her story arouses suspicion, but it does not appear that he knew how she obtained the articles. And if she was wearing them, there was nothing, so far as appears, to arouse his suspicions. Proof beyond a reasonable doubt is necessary. The proof here does not come up to the requirement.

The judgment should be reversed and a new trial should be granted.

COCHRANE, P. J., VAN KIRK, HINMAN and McCANN, JJ., concur.

Judgment of conviction reversed on the law and facts and new trial granted.