## (June 26, 1962)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS RICHARDSON, Appellant.— Judgment of conviction reversed on the law and the information dismissed, the findings of fact having been considered and affirmed.  There being no direct evidence that defendant had taken the pocketbook the conviction rests upon the application of the rule " that possession of stolen property, recently after theft ", is prima facie evidence that the possessor is the thief (*Knickerbocker* v. *People,* 43 N. Y. 177).  However, what is " recent " varies in each case, depending upon the circumstances (see *Stover* v. *People,* 56 N. Y. 315).  It would be expected that if a man stole a woman's pocketbook in a public place he would dispose of it as soon after the theft as was possible.  " Recent ", in a case of this kind, could well be a matter of minutes.  Certainly, had this defendant been discovered, under the same circumstances, several hours after the theft, no inference could permissibly be drawn that he was the thief.  There is no evidence as to the time interval between the theft and the discovery of the pocktbook in the possession of the defendant.  We cannot, therefore, decide that the defendant was " recently " in possession within the meaning of the cases.  Thus, there being no direct evidence that the defendant took the pocketbook, the conviction may not stand.  Quite apart from the above, the guilt of the defendant was not proven beyond a reasonable doubt.  The doubt is created because of the fact that, while the complainant testified that the pocketbook had contained $40, the arresting officers could only find an aggregate of $15.26 upon searching this defendant and his codefendant.  The explanation of the defendant that he went to the toilet for the purpose of taking a drink of whiskey should not be given the weight that the prosecution ascribes to it.  This explanation is attacked as being untrue because the security officer testified that he did not see a bottle in the toilet.  However, there is no testimony that he either looked for a bottle or had any occasion to do so.  Concur — Botein, P. J., Rabin and Eager, JJ.; Breitel, J. P. and McNally, J., dissent in the following memorandum by McNally, J.: I dissent and vote to affirm.  On January 2, 1961 a black handbag containing a brown wallet and a red purse was stolen from the complainant, a patron of a bowling place.  The red purse was found in a toilet bowl.  Immediately prior to their arrest appellant and his codefendant had occupied and latched the door of the compartment in which the toilet bowl was located.  Upon their discovery and before the door was unlocked and opened, a brown pocketbook was kicked from within the toilet compartment.  The codefendant, on emerging, covertly slipped complainant's brown wallet into a wastebasket.  The evidence clearly demonstrates recent and exclusive possession of stolen property immediately after its theft (*Knickerbocker* v. *People,* 43 N. Y. 177), and the finding of an implausible explanation of such possession implicit in the conviction accords with the evidence.  Both appellant and his codefendant are prior felony offenders and this was developed on the issue of credibility.  That not all the stolen property was found in the possession of the defendants does not create a reasonable doubt as to appellant's guilt; it is enough that

part of the property was in defendants' possession. (*Knickerbocker* v. *People, supra,* p. 179.)