■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PAT PESCE, Appellant.— Appeal by defendant from a judgment of the former County Court, Queens County, rendered July 21, 1954 after a jury trial, convicting him of possession of burglar's tools as a felony (Penal Law, § 408) and imposing sentence upon him as a second felony offender. Judgment reversed on the law and on the facts and the indictment dismissed. Defendant was indicted for burglary in the first degree and possession of burglar's tools as a felony. The jury acquitted him of the burglary count. The evidence shows that three hours after defendant's alleged participation in the burglary he was seen entering an automobile which was parked near the scene of the burglary. A suitcase containing tools that could be used for safe cracking was found on the floor in the rear of the automobile. Although there is testimony that defendant had driven this car on numerous occasions, defendant was not shown to have handled the suitcase at any time. Moreover, it was not shown how long the car had been parked at this particular location and whether it was locked during this period. "Under the statute defining the offense (Penal Law, § 408), a finding of guilt must rest on proof of three distinct elements: (1) possession by the defendant of any of the tools mentioned, (2) adaptability, design or common use of the tools for the commission of burglary, larceny or other crime, and (3) circumstances 'evincing an intent to use or employ, or allow the same to be used or employed, in the commission of a crime, or knowing that the same are intended to be so used'" (*People* v. *Benoit*, 8 A D 2d 626). On this record it is our opinion that the necessary element of possession was not proved beyond

a reasonable doubt.  Ughetta, Acting P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.