■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GREGORY SMITH, Appellant.— Judgment, Supreme Court, Bronx County, rendered June 10, 1971, modified, on the law and the facts, by reversing and vacating said judgment insofar as it convicts defendant of the crime of burglary in the third degree, and said judgment insofar as it convicts defendant of petit larceny affirmed, the count of the indictment charging defendant with the crime of burglary in the third degree dismissed, and, inasmuch as the defendant has served approximately one year on the sentence imposed for burglary in the third degree and his sentence for petit larceny was an unconditional discharge but only in view of the burglary sentence, he shall be forthwith discharged from imprisonment. The evidence is insufficient to establish that the defendant ever entered or at any time remained unlawfully in the burglarized premises; particularly, there is lacking sufficient evidence to show that he knowingly

entered and remained in the premises "with intent to commit crime therein". (Penal Law, § 140.20.) True, "It is the law that recent and exclusive possession of the fruits of crime, if unexplained or falsely explained, will justify the inference that the possessor is the criminal [and that this] rule has most frequently been applied in cases of burglary (*Knickerbocker* v. *People,* 43 N. Y. 177) * * * Only half of the problem, however, has been solved when guilty possession fixes the identity of the offender. There remains the question of the nature of the offense. Here again the facts must shape the inference. * * * The problem is a hard one. To solve it we must steadily bear in mind that the inference of guilt to be drawn from possession is never one of law. * * * Other facts may neutralize it, or repel it, or render it so remote or tenuous or uncertain that in a given case we should reject it." (*People* v. *Galbo,* 218 N. Y. 283, 290, 291.) It was established that a third-floor apartment in an apartment building located at 938 Bronx Park South in the City of New York had been the subject of a burglary. An officer, after receiving a "burglary in progress" alarm, apprehended the defendant as he was descending a stairway from the roof of the building. According to the testimony of the officer, the defendant then had possession of a radio and a movie reel, later identified as objects belonging to and kept by the occupant in the burglarized apartment. There was further testimony that the apartment had been entered through a window from the fire escape and that the fire escape furnished access to the roof. But it was also established that, at the time, the defendant was a guest of an occupant of an apartment two floors above the burglarized apartment. According to the testimony of the officer, the defendant said that he had found the radio and reel on the roof. In any event, there was no evidence that the defendant was in the vicinity of the third floor burglarized apartment or on the fire escape leading therefrom; nor was there proof that defendant was unlawfully on the stairs where he was first seen and apprehended. The defendant testified that he had been in the fifth floor apartment of his friend when he heard a noise of breaking glass; that he went out into the hall and started up the stairs to the roof; and that a third person ran by him, up the stairs, and dropped the radio. In his testimony, he denied having possession of the radio and movie reel. Under the circumstances and with due weight given to the testimony of the officer and all the evidence favorable to the People's alleged case, the People have failed to sustain the burden of establishing the essential elements of burglary in the third degree. Where, as here, an alleged conviction rests on circumstantial evidence, "The evidence must be such as to exclude, to a moral certainty, every hypothesis but that of [defendant's] guilt of the offense imputed to him" (*People* v. *Woltering,* 275 N. Y. 51, 61). Here, the evidence was not sufficient to duly establish the inference, to the exclusion of any other reasonable explanation under the evidence, that the defendant had actually entered or had been in the burglarized apartment or had participated in the entry thereof. (See *People* v. *Namolik,* 8 A D 2d 685; see, also, *People* v. *Cleague,* 22 N Y 2d 363; *People* v. *Kobryn,* 3 A D 2d 132.) Concur — Kupferman, J. P., Murphy and Eager, JJ.; McNally, J., dissents in the following memorandum: I dissent and vote to affirm. In my opinion, the record reveals the guilt of the defendant was established beyond a reasonable doubt by reason of the following facts: (1) the undisputed fact that the defendant was present in the apartment building located at 938 Bronx Park South at the time of the crime in question; (2) the testimony of both prosecution and defense witnesses that it was possible to go from the fire escape connected to the apartment where defendant resided up to the roof and down another fire escape to the complainant's window, the window which was broken to gain entrance for the burglary; (3) the observations of the arresting officer

who arrived on the scene moments after receiving a "burglary in progress" alarm and found the defendant with his cohorts coming down from the roof with property from the burglarized apartment. There is an accepted principle of law that the recent and exclusive possession of the fruits of a crime, if unexplained or falsely explained, will justify the inference that the possessor is the perpetrator of that crime. (*People* v. *Colon*, 28 N Y 2d 1.) "Here it is entirely clear that the only taking proved, was a burglarious taking, a burglarious larceny, and no other. The recent possession thereafter of the property thus taken, is evidence that the possessor burglariously took it; is evidence of that crime, as no other crime, except a burglarious larceny is proved." (*Knickerbocker* v. *People*, 43 N. Y. 177, 181.) Patrolman Furst testified that less than a minute after receiving a "burglary in progress" call, he arrived at 938 Bronx Park South. He proceeded directly to the third floor and, after seeing a door suspiciously ajar and then hearing a noise of a door slamming from above, immediately ran up to the roof landing where he observed defendant Smith and two others, one of whom fled, descending together from the roof. Smith, when stopped at this time, had on his person a radio and movie reel stolen from the burglarized third floor apartment. Certainly these circumstances would warrant the jury to make a finding of guilt based on "recent and exclusive possession". It would be equally justifiable for the jury to discredit the feeble exculpatory explanation of the events offered by defendant on the stand. Indeed, if any testimony is lacking in credibility it is that introduced by the defendant himself. He asked the jury to believe that he heard a sound of breaking glass, glass which he claimed came from the window frame Garcia was allegedly carrying to the roof. He then left the Bell apartment only to see "Vinny" run by him up the stairs toward the roof. "Vinny" allegedly dropped a radio to the ground and defendant went over to look at it but never picked it up. It was then the police arrived. This is entirely inconsistent with the testimony of an uninterested witness, the arresting officer. He observed Smith, Garcia and a third party descending together from the roof with Smith carrying the stolen radio in his hand. The jury accepted the testimony of the People's witnesses and found the testimony offered by the defendant to be unbelievable. Since the prosecution testimony was legally sufficient to support the verdict, in my opinion no reason exists for disturbance.