■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES W. SIM, JR., Appellant.—Appeal from a judgment of the County Court of Albany County, rendered February 13, 1975, upon a verdict convicting defendant of the crime of burglary in the second degree in violation of subdivision 2 of section 140.25 of the Penal Law. On this appeal, defendant contends that certain comments made during the People's opening and closing statements were prejudicial and deprived him of a fair trial, and in addition, that the People failed to prove that the defendant was guilty of the crime charged beyond a reasonable doubt. Although a motion for a mistrial or a request for a charge to the jury are no longer necessary to preserve for review questions relating to improper remarks by the prosecution, it is still necessary that some objection be made (People v Ruberto, 10 NY2d 428). Since none of the four remarks specified by the defendant were objected to at the trial, review of these remarks on the law is foreclosed (CPL 470.15, subd 4, par [a]). Nor should this court exercise its discretionary power to reverse in the interest of justice, since the challenged remarks were not so prejudicial as to have deprived the defendant of a fair trial (CPL 470.15, subd 6, par [a]). Only a police officer and the victim of the alleged burglary testified at the trial. The victim's home was burglarized in the early morning of August 18, 1972 between 2:30 A.M. and 4:00 A.M. When he awoke about 4:00 A.M., the victim testified that the place was "all scattered around with stuff", and two tape recorders, two microphones, an old clock, a watch, an English half-crown coin, and $58 in cash were missing. All of the missing items except the cash were identified and recovered by the victim at the police station on the same morning. The police officer testified that he first observed the defendant at about 4:00 A.M., the morning of August 18, 1972, sitting in his car which was parked in the Freihofer Bakery parking lot, located one block away from the burglarized premises; that immediately next to the defendant's car he came across an unoccupied car "with a lot of property stacked up in the back trunk of it". When he realized he had been seen, the officer testified that the defendant "slumped down in the front seat, acting like he was sleeping". Thereupon the officer approached the car and found the window closed and the door locked. The defendant rolled the window down when the officer knocked on it, and in response to the officer's question as to what he was up to, he replied that he was taking a nap. Two men's watches were found by the police on the floor of the front seat of defendant's car and "several tape players and a lot of tape decks" were found in the trunk of the car. The defendant was taken immediately to the police station where he was searched, and an English half-crown coin,

reported taken from the burglarized premises, was found on his person. While the record indicates that the officer was unsure as to whether or not some of the items found in the defendant's own car may have belonged to the victim, there is no question that the property found by the police officer on the unoccupied car parked immediately adjacent to where the defendant was apprehended was the property of the burglarized victim. The defendant did not offer any proof on the trial. The principle has long been established that when a person is found in exclusive possession of the fruits of a theft, recently after its commission, and his possession is either falsely explained or unexplained, an inference can be drawn of his guilt of the crime committed *(Knickerbocker v People,* 43 NY 177). While such possession, unexplained or unrebutted, may sometimes be sufficient by itself, the inference of guilt is to be drawn from all the facts and circumstances surrounding the alleged commission of the crime by the defendant *(People v Galbo,* 218 NY 283). In this same vein, in considering the applicability of the rule first enunciated in *Knickerbocker v People (supra),* it was stated in *People v Colon* (28 NY2d 1, 13), that the standard is necessarily a fluid one and we must consider all the circumstances of a given case before arriving at any conclusion as to whether possession of the fruits of the crime justifies the inference that the defendant committed the crime. (See also *People v Butler,* 44 AD2d 423, affd 36 NY2d 990.) There is no question that the victim's home was burglarized, and that some of the stolen property was found in defendant's possession immediately after it was stolen. According to the testimony of the victim, the burglary could not have occurred until after 2:30 A.M. and it was discovered by him at 4:00 A.M. The stolen items of property and the defendant were also first found and observed by the police officer at about 4:00 A.M. in the bakery parking lot, a block away from the burglarized premises, and within a very short time thereafter the English half-crown coin, taken from the burglarized premises was found on defendant's person. These facts and the defendant's actions and demeanor when he was first observed by the police officer provide a reliable basis for the application of the principle that guilt of the crime may be inferred when a person is found in the unexplained possession of the fruits of the crime, recently after its commission *(People v Butler, supra; People v Carter,* 27 AD2d 589, affd 19 NY2d 967; *People v Galbo, supra).* We conclude that the evidence was sufficient to establish defendant's guilt beyond a reasonable doubt. Judgment affirmed. Koreman, P. J., Greenblott, Main and Reynolds, JJ., concur; Kane, J., dissents and votes to reverse in the following memorandum. Kane, J. (dissenting). In addition to the facts recited in the majority decision, two other uncontradicted circumstances are worthy of mention. The police officer, then unaware of any burglary, was stopped by a Freihofer truck driver who reported seeing "a couple of guys in the parking lot acting suspicious." Arriving there, the officer first encountered one Giomondo walking around the Freihofer building and was told by him that he was on the way to visit a friend, the defendant herein, who lived nearby on Washington Avenue. Immediately thereafter, the officer entered the parking lot and discovered the defendant. Secondly, although the burglary took place but a short distance away from where he was apprehended, defendant's residence was later verified by the officer to be on Washington Avenue in the very same block as the Freihofer lot. There can be no doubt that defendant's exclusive and unexplained possession of items recently stolen from a burglarized dwelling justified an inference by the jury that he participated in *some* criminal act. The pertinent question, however, is one succinctly posed over 60 years ago by Judge CARDOZO: "Is the guilty

possessor the thief, or is he a receiver of stolen goods?" *(People v Galbo,* 218 NY 283, 290.) Had this defendant been found guilty of criminal possession of stolen property, a complaint about the sufficiency of the circumstantial evidence to support such a verdict would plainly lack merit, but that is not the issue on this appeal. Defendant was never charged with that offense and, as a result, the jury was only asked to say if he was guilty of burglary or no crime at all. The true issue then is whether sufficient circumstantial evidence supports his conviction. In resolving it, we must necessarily consider the relative strength of the inference of guilt, here properly drawn, *as it relates to the crime of burglary.* The authorities cited in the majority decision recognize that the standard is indeed fluid, with the outcome largely dependent upon the particular circumstances of each case *(People v Colon,* 28 NY2d 1; *People v Butler,* 44 AD2d 423, affd 36 NY2d 990; cf. *People v Smith,* 39 AD2d 855). However, as Judge CARDOZO also noted, the inference is one of fact and "Other facts may neutralize it, or repel it, or render it so remote or tenuous or uncertain that in a given case we should reject it." *(People v Galbo, supra,* p 291.) Defendant's actions and demeanor do not point to the commission of a specific crime and any inference that he was a burglar must be shaken somewhat by Giomondo's mysterious presence in the vicinity of the parking lot at an odd hour of the morning. More importantly, defendant's proximity to the scene of the burglary, relied upon so heavily by the majority, is at least neutralized by the corresponding nearness of his own residence. Even if these competing facts are insufficient to destroy an inference of burglary, they certainly balance so evenly that I would either decline to apply it in this case or conclude that it does not adequately support defendant's conviction. Cases of circumstantial proof often produce opposite results, though the differences between them are slight (cf. *People v Wachowicz,* 22 NY2d 369, with *People v Cleague,* 22 NY2d 363, and *People v Butler, supra,* with *People v Smith, supra),* but where, as here, the reliability of the particular inference sought to be drawn from the established facts is itself in doubt, something more, however slight, must be shown before a defendant's control over stolen goods can be said to establish anything greater than criminal possession of stolen property. This defendant may have been the burglar, but the People have not proven he was on the evidence presented in this record. Accordingly, I would reverse the conviction and dismiss the indictment.