■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY MITTEAGER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered October 4, 1974, convicting him of attempted burglary in the third degree, possession of burglar's tools and unlawful possession of radio devices, after a nonjury trial, and imposing sentence. Judgment modified, on the law and the facts, by reversing the convictions of possession of burglar's tools and unlawful possession of radio devices, and the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed. Defendant is correct in his contention that there was insufficient proof to establish his possession, either actual or constructive, of the tire iron or of the radio device, especially in the light of the testimony of the People's witness Jurkowski (see *People v Diaz,* 54 AD2d 543; *People v Pesce,* 18 AD2d 1092). Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS PORTER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 27, 1976, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. (The indictment also charged defendant with criminal possession of stolen property in the second degree. The court submitted that count to the jury as criminal possession of stolen property in the third degree, but no verdict was returned on the said count as the jury had been instructed not to consider that count in the event that it found the defendant guilty of burglary.) Judgment reversed, on the fact, the count of the indictment charging defendant with burglary in the second degree dismissed, and, as a matter of discretion in the interest of justice, new trial ordered as to the charge of criminal possession of stolen property in the third degree (see CPL 40.30, subd 3). Defendant was seen at 1933 Union Street, Brooklyn, New York, carrying certain items. Items of a similar nature had been reported missing from an apartment which had been burglarized in the said building. In our view the evidence is insufficient to establish that defendant had burglarized the apartment in question, since it does not establish that the defendant actually entered or had been in the burglarized apartment (see *People v Smith,* 39 AD2d 855). Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.