William E. Ringel, J.
The defendant, charged with the unlawful possession of a narcotic drug as a misdemeanor, has moved to suppress the evidence allegedly seized by the police *37 in violation of Ms constitutional rigMs. A hearing held in support of the motion disclosed that on September 27, 1962, at 1:00 p.m., the police officer observed the defendant in conversation with an unknown man at 4th Street and Avenue A, in this county. As the officer approached, the defendant left the unknown man, entered a building, emerged therefrom and then entered a taxicab with the said unknown man. The cab made a complete U-turn on Avenue A and then stopped for some reason unknown to the officer. At this point, the officer approached the taxicab and opened its rear door (the passenger portion of the cab). As he opened the door, he stated that the defendant dropped two glassene envelopes to the floor of the taxi, which are alleged to have contained heroin, a narcotic drug. The officer testified further, that up until the time he had opened the cab door, he had seen no crime committed nor did he have reason to believe that a felony had been committed. He decided to open the cab door, he stated, because, from his experience, he suspected the defendant of being involved somehow in narcotics, “because that is the way narcotic addicts act
It is apparent from the testimony that the only reason the police officer opened the cab door was merely because of his suspicion that the defendant was engaged in some criminal act.
It is well established that if the officer observed this defendant commit a crime in his presence he would have been authorized to arrest the defendant without a warrant and search bim as an incident to the arrest. (Code Crim. Pro., § 177; People v. Defore, 242 N. Y. 13.) Further, the officer would have been authorized without a warrant to arrest and then search the defendant if a felony had been committed, and he had reasonable cause for believing that this defendant committed it (Code Crim. Pro., § 177; People v. Lane, 10 N Y 2d 347, 353).
It is obvious from the facts in this case that the commission of the crime, with which the defendant is charged, only came to light when the officer opened the cab door to look into it. This act on the part of the officer was a search. Was this a lawful search? Was there an invasion of the defendant’s privacy in contravention of the Fourth Amendment (Mapp v. Ohio, 367 U. S. 643; People v. Loria, 10 N Y 2d 368) by this search?
This case concerns itself only with an alleged misdemeanor and we need not concern ourselves with the law of arrest for a felony and the rights of the People or the defendant, pertaining to “ felony situations ”.
In this jurisdiction, the police have no authority to make an arrest without a warrant for a misdemeanor not committed in the presence of the officer (People v. Moore, 11 N Y 2d 271, 273).
*38 I find that the facts in this case disclose that no arrest took place when the police opened the passenger door of the taxicab in which the defendant was seated as a passenger. (Cf. Henry v. United States, 361 U. S. 98,103; Rios v. United States, 364 U. S. 253, 261.)
The arrest took place when the defendant allegedly dropped the recognizable contraband (the two glassene envelopes of alleged heroin), to the floor of the taxicab.
‘ ‘ A fair distillation of all of the decisions, Federal and State, must lead to the logical conclusion that police do have the right, prior to a search, to detain, interrogate and even investigate. # * * They have duties of crime prevention and detection as well as apprehension, * * *
“ But the right is severely restricted. In the first instance, it may not be done indiscriminately and without any cause. It must be based on justifiable suspicion. It must be outdoors and for a brief and perfunctory period sufficient only to confirm of allay suspicion * # * If after brief detention and perfunctory observation the police officers ascertain without a search that the detainee possesses contraband they may then arrest for a crime committed in their presence.” (People v. Estrialgo, 37 Misc 2d 264, 282.)
Applying this rule as set forth by Judge Sobel in his very erudite opinion (ibid.) we find in the case at bar that the contraband was disclosed to the police, without a search, during a perfunctory detention. The facts however disclose that this detention and investigation was not based on any justifiable suspicion. Nor can the fact that he is alleged to have dropped the contraband on the floor of the cab, be construed as an abandonment of same (Rios v. United States, 364 U. S. 253, 261, supra).
Did the police officer have the right to open the taxicab door for the purpose of conducting his investigation? It is no more vulnerable to an incidental search than a private residence (Judge Sobel in Pleader [Kings County Crim. Bar Assn.], p. 70, citing People v. Zeigler, 358 Mich. 355; see, also, Henry v. United States, 361 U. S. 98,104).
A taxicab in this city, like a man’s home, is the private domain of the hirer, during the period of his hire. It may not be searched indiscriminately any more than his private automobile. (Henry v. United States, supra.)
A taxicab is a public means of transportation which may be hired by any person for a fee. During such period of hire, he and only he alone may occupy it, unless he chooses to invite someone else to share it with him. Only he may direct its route of travel and destination. (New York City Police Dept., Hack *39 Bureau Rules, Div. of Licenses, §§ 36, 39; Administrative Code of City of New York, § 436-2.0; Jackie Cab Co. v. Chicago Park Dist., 366 Ill. 474.)
Thus, like his home, the taxicab during the period of his hire, “ is his castle The officer may not trespass on this domain, i.e., the taxicab to make observations as to the commission of a crime. (Polk v. United States, 291 F. 2d 230.) The opening of the taxicab door without authority or permission of the passenger or the cab driver, I hold to be such a trespass. No alleged crime was disclosed until such trespass took place. (People v. Defore, 242 N. Y. 13, supra.) The motion to suppress is therefore granted.