■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GILBERT SWANBERG, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Kings County, rendered January 31, 1964 after a jury trial, convicting him of criminally concealing and withholding stolen and wrongfully acquired property, as a felony, and imposing sentence. Judgment affirmed. This appeal brings up for review the court's denial, after a hearing, of the defendant's motion to suppress the evidentiary use of the alleged fruits of the crime on the ground that they were obtained by the police pursuant to an illegal search and seizure. It appears that on May 16, 1963 the police were notified that 330 suits had been stolen from a Ripley clothes store. It also appears that on May 21, 1963, at approximately 12:30 P.M., a detective received information from a confidential informant that the stolen suits could be found in a private garage at a designated address. The detective proceeded to the premises at that address and apprised the owner of his mission. He received permission from the owner to enter the premises and to look into a detached

garage, which had been leased to the defendant, at the rear of the owner's private house. When the detective looked between the double hung doors, which were loose fitting, he observed a number of suits containing Ripley tags and hung on Ripley hangers. The owner broke off the lock on the doors; the detective entered the garage and seized and removed therefrom 310 suits. All contained Ripley tags and were on Ripley hangers. Three hundred of these suits were returned to the Ripley clothing store and 10 were retained as evidence. It is conceded that the detective made no attempt to obtain a search warrant. At approximately 6:00 P.M. that evening (May 21, 1963) he arrested the defendant who admitted his complicity in the theft. We are of the opinion that the act of the detective in looking through an existing aperture and observing the stolen merchandise — merchandise which was obviously stolen — did not constitute an unlawful search. His purpose thereafter in entering the garage was not to search for the stolen suits (cf. *Chapman* v. *United States*, 365 U. S. 610) but lawfully to seize them (*People* v. *Manzi*, 38 Misc 2d 114, 117; *United States* v. *Jankowski*, 28 F. 2d 800; *Busby* v. *United States*, 296 F. 2d 328). Moreover, it is clear from the record before us that the subject garage was not used by the owner in conjunction with his residence and thus is not to be classified as a house within the protection of the Fourth Amendment to the United States Constitution (*Carney* v. *United States*, 163 F. 2d 784; *United States* v. *Thomas*, 216 F. Supp. 942, 947–948; cf. *Walker* v. *United States*, 225 F. 2d 447; *United States* v. *Mullin*, 329 F. 2d 295). We have examined the defendant's remaining contentions and have found them to be without merit. Beldock, P. J., Christ and Brennan, JJ., concur; Ughetta and Hopkins, JJ., dissent and vote to reverse the judgment and to order a new trial, with the following memorandum: In our opinion, the acts of the police officer in discovering and seizing the evidence in question constituted a search and not merely the seizure of "contraband in open view." The garage which defendant leased from another and in which the evidence was discovered was a structure within the constitutional protection against unreasonable search and seizure (*Taylor* v. *United States*, 286 U. S. 1; *People* v. *Perlman*, 12 N Y 2d 89; *People* v. *Adorno*, 37 Misc 2d 36). The search was not made pursuant to a search warrant; the defendant did not consent; and the search was not incident to a lawful arrest (*People* v. *O'Neill*, 11 N Y 2d 148, 152; *People* v. *Loria*, 10 N Y 2d 368, 373). "No reason, except inconvenience of the officers and delay in preparing papers and getting before a magistrate, appears for the failure to seek a search warrant. But those reasons are no justification for by-passing the constitutional requirement * * * We cannot be true to that constitutional requirement and excuse the absence of a search warrant without a showing by those who seek exemption from the constitutional mandate that the exigencies of the situation made that course imperative" (*McDonald* v. *United States*, 335 U. S. 451, 455–456; see *Johnson* v. *United States*, 333 U. S. 10, 14).