## (December 22, 1966)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD K. CARTER, Appellant.— *Per Curiam.* Appeal from a judgment convicting defendant of grand larceny in the first degree in the theft of an automobile, the indictment charging common-law larceny only, under section 1294 of the Penal Law, and unaccountably failing to include a count of larceny by unauthorized use of the vehicle, under section 1293-a. The evidence was thin but we have concluded that it was sufficient to establish defendant's guilt beyond a reasonable doubt. The owner testified to the theft of the automobile; and said that two days after the taking of the car, the police reported its recovery. He testified further that he had not given permission to anyone to take or use the automobile. There was testimony of a young girl that at the invitation of a friend she entered the automobile which was being driven by defendant; that after they had proceeded for some time on city streets a police car approached and began to follow them at which defendant said, "There's the cops", and thereupon turned the car into an alley, got out and ran away, pursued by a policeman. Two police officers testified to following the car, which fitted the description furnished them of the 1963 Oldsmobile sedan reported stolen, and to the flight of the driver, previously identified by the girl as the defendant. The defendant put in no proof. The unexplained possession of the fruits of the crime was some evidence from which the jury might find defendant the perpetrator (*People* v. *Everett*, 10 N Y 2d 500, 508, 509, cert. den. 370 U. S. 963; *People* v. *Spivak*, 237 N. Y. 460, 461; *People* v. *Galbo*, 218 N. Y. 283, 290); and defendant's exclamation and reaction when he saw the police and his immediate flight furnished additional support for the inference of guilt (*People* v. *Yazum*, 13 N Y 2d 302, mot. for rearg. den. 15 N Y 2d 679; *People* v. *Fiorentino*, 197 N. Y. 560, 567). The respondent's reliance upon

*People* v. *Asklund* (16 A D 2d 817) is misplaced, that case involving larceny by unauthorized use (Penal Law, § 1293-a) not requiring proof of intent. Here we find proof of intent sufficent to satisfy sections 1290 and 1294. In addition to the evidence of flight and possession, there had been at least 12 hours deprivation of use and withholding of possession from the victim. Appellant mistakenly asserts that it was necessary to base inference upon inference to establish all the elements of common-law larceny. The one inference, that of guilt, entailing all those elements, was based squarely on direct evidence supporting each element separately and equally. More substantial is appellant's assignment of error in the submission of the case without evidence of a market value of the car in excess of $500. However, the owner's testimony as to his purchase of the car, a used 1963 Oldsmobile, for $3,300 nine months before the theft, was received without objection; and no exception was taken to the trial court's instruction that the jury from the evidence as to the purchase price might determine whether or not the car was worth over $500 when it was stolen. Under all the circumstances we find no prejudice of any substantial right which would warrant reversal in the absence of objection or exception. (Code Crim. Pro., §§ 420-a, 542, 527; *People* v. *Rossi*, 11 N Y 2d 379, 383.) The sentence was not excessive. Appellant's additional contentions are insubstantial and do not require discussion. Judgment affirmed. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur; Brink, J., dissents and votes to reverse in the following memorandum: I dissent and vote to reverse the conviction on the ground that the prosecution failed to prove the crime alleged in the indictment. The defendant was indicted for the crime of grand larceny in the first degree contrary to subdivision 3 of section 1294 of the Penal Law, sometimes referred to as common-law larceny. Under the circumstances of this case, involving the theft of an automobile, it was necessary for the People to prove that the value of the automobile exceeded $500. The only proof of value submitted by the District Attorney was the testimony of the owner to the effect that he purchased the automobile, a 1963 Oldsmobile, approximately 10 months before it was stolen for the sum of $3,300. No evidence was offered as to the condition of the car on April 18, 1965, the date of the crime, or at the time the car was purchased. This type of evidence of value would not be accepted in a civil case. It was necessary for the jury to speculate as to the value of the automobile. Such evidence does not meet the required standard of proof in a criminal case. Furthermore, the only evidence in any way pointing to the guilt of the defendant was the flight of the three male occupants of the car, including the defendant driver, when pursued by the police two days after the car was stolen. While flight is evidence of guilt, under the circumstances in this case the flight raised no presumption that the defendant driver previously stole the automobile. Under the same circumstances there is no conclusive inference that the driver was in exclusive possession of the automobile. Any one of the three occupants of the car on April 18 or someone else may have stolen the vehicle. The proof of guilt here does not meet the test of acceptable circumstantial evidence. The evidence may have been sufficient to establish a prima facie case under section 1293-a of the Penal Law (unauthorized use of a motor vehicle), but that is not the crime charged in the indictment. The defendant's motion to dismiss the indictment for failure of proof should have been granted.