■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES FLOYD JOHNSON, Appellant.— Appeal from a judgment of the County Court of Albany County, rendered February 8, 1973, convicting defendant on his plea of guilty of criminal possession of a dangerous drug in the first degree. Defendant was arrested at 4:30 A.M. on October 11, 1972 and charged with speeding on the New York State Thruway. The arresting officers requested that he follow them to the Town Justice's residence in Coeymans, where he entered a guilty plea and paid a fine. At this time the arresting officers received a phone call, in response to a routine check, informing them that defendant was wanted on detainers by Louisiana authorities. Defendant was then rearrested as a fugitive from justice, given his *Miranda* warnings, told to park and lock his car behind the Judge's house, which he did, and taken by the officers to the State Police Substation in Albany. From there defendant was taken to the Selkirk State Police Barracks and placed in the custody of two other officers. He was again given his *Miranda* warnings and was returned to the Town Justice's residence for arraignment on the fugitive charge, which occurred at about 11:00 A.M. As they were leaving after arraignment, one of the officers asked defendant if they could search his car, still parked behind the house, and defendant handed over the keys and said "You are welcome to look if you can get it open." After searching the interior, first the officers and then defendant unsuccessfully attempted to open the trunk. The officers then decided to incar-

cerate defendant, taking defendant's car with them, but on the way to the jail, they stopped at a garage and asked a mechanic if he could open the trunk. The mechanic tried but was unable to do so. Defendant made no objections; he remarked to the mechanic that the lock had been damaged and that he had not been able to have it fixed and "would like to get it opened." The mechanic then went in the garage to check the specification manual, returned shortly thereafter, started the car engine, and pressed the trunk release button, thus opening the trunk. The officers searched the trunk and found almost two pounds of heroin and eight pounds of quinine. The question we must decide on this appeal is whether defendant voluntarily consented to the search of his car, thereby waiving a fundamental constitutional right (*Johnson* v. *Zerbst*, 304 U. S. 458, 464), the prosecution bearing the burden of showing that such consent was not coerced and that there was a voluntary relinquishment of a known right (*People* v. *Whitehurst*, 25 N Y 2d 389; *People* v. *Stepps*, 31 A D 2d 59), this being determined by an examination of the facts and circumstances of the case (*Johnson* v. *Zerbst, supra*, p. 464). The record reveals ample evidence upon which a finding of voluntary consent to the search may be based: defendant had been arrested previously and was not faced with the unfamiliar situation of being in custody for the first time; his verbal manifestations to both the officers and the mechanic repeatedly conveyed a desire to consent to the search; he participated in the attempts to open the trunk; his attitude was one of friendliness; and he seemed, to the mechanic, to be at ease. Judgment affirmed. Herlihy, P. J., Greenblott, Cooke, Kane and Main, JJ., concur.