■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BENJAMIN RESTIFO, Appellant.— Appeal from a judgment of the County Court of Albany County, rendered October 16, 1972, upon a verdict convicting defendant of the crime of grand larceny in the third degree, a felony. On May 25, 1972, defendant was indicted by the Grand Jury of the County of Albany and charged with having committed grand larceny in the third degree contrary to subdivision 1 of section 155.30 of the Penal Law, a class E felony, and possession of weapons contrary to subdivision 2 of section 265.05 of the Penal Law, a class D felony. Thereafter, a motion was made to suppress evidence pursuant to CPL article 710. The minutes of the suppression hearing in the record on appeal do not state that defendant was present at the hearing. Thereafter, a jury trial was held, and defendant was convicted on the grand larceny charge, the weapons charge having been dismissed before the jury began its deliberations. On October 16, 1972, defendant was sentenced to an indeterminate term of three years. Defendant contends that his conviction should be reversed since he was not present at the suppression hearing. The District Attorney contends that, since there is no indication in the minutes of the suppression hearing that defendant was not present, the presumption of regularity of a criminal proceeding controls. The minutes of the hearing also include a statement by defendant's attorney who, when asked if he had any testimony to offer, said that he " didn't know we were going on for a hearing today. I thought it was just for motions." In *People* v. *Anderson* (16 N Y 2d 282), it was held that a suppression hearing is part of the trial at which the defendant must be present. CPL 260.20 provides that " a defendant must be personally present during the trial of an indictment ". In view of defendant's assertion that he was not present at the hearing and his attorney's statement at the end of the hearing that he was not aware that the hearing was to be held on that day, due process requires a hearing on the issue of fact as to whether defendant was or was not present at the suppression hearing. While a presumption of regularity exists until contrary substantial evidence appears, such presumption could not conceivably be used to prevent the defendant from proving that he was not present at the hearing. (*People* v. *Richetti*, 302 N. Y. 290.) Accordingly, the determination in this appeal should be withheld and the case remitted to County Court for a hearing on the issue of defendant's presence or absence at the time the suppression hearing was held. We do not, at this time, pass on any other contention raised by defendant. (Cf. *People* v. *Jonas*, 33 A D 2d 831.) Determination withheld and case remitted to the County Court, Albany County, for a

hearing in accordance with this memorandum. Staley, Jr., J. P., Greenblott, Sweeney, Main and Reynolds, JJ., concur.