■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN RESTIFO, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered September 16, 1975, upon a verdict convicting defendant of the crime of grand larceny in the third degree. This matter has been before this court on two prior occasions. We first withheld determination of the appeal and directed a hearing to resolve the question of defendant's presence at a previous suppression hearing (44 AD2d 870) and then, when it was concluded that defendant had not been present thereat, we reversed his conviction and directed a new trial (47 AD2d 792). This appeal is from the conviction which ensued following the second trial. As grounds for reversal, defendant contends that the fruits of the alleged larceny were illegally seized from the trunk of his car and thus were improperly admitted into evidence at his trial. In addition, he maintains that there was insufficient evidence before the jury to establish that the market value of alleged stolen goods exceeded $250, an essential element of the crime of grand larceny in the third degree (Penal Law, § 155.30, subd 1). We find no merit in either argument. There was no illegal search for the record conclusively demonstrates that defendant voluntarily opened the trunk of his automobile. His own testimony on direct and cross-examination admits the voluntariness of his actions in that regard. The merchandise was then in plain view and easily identifiable by the very same eyewitnesses who had previously observed defendant place the items in the trunk of his vehicle *(People v Johnson,* 41 AD2d 997; *People v Swanberg,* 22 AD2d 902, mod 16 NY2d 649). As to the value of the articles, there was direct testimony concerning their retail worth and the merchandise itself was offered in evidence; all without objection *(People v Irrizari,* 5 NY2d 142; *People v De Gina,* 46 AD2d 925; *People v Carter,* 27 AD2d 589, affd 19 NY2d 967). Accordingly, the conviction should be affirmed. Judgment affirmed. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.