■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY MARINO, Appellant. [617 NYS2d 26] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Harbater, J.), rendered April 15, 1992, convicting him of burglary in the third degree, possession of burglar's tools, and attempted petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant climbed aboard a slow-moving Amtrak train as it approached the Honeywell Street Bridge in Queens, pried open the door to one of the cars, and entered. Once inside, he broke open the protection guard on a fire extinguisher and was discovered, by police officers who were patrolling the train, with the fire extinguisher at his feet. The defendant was arrested and subsequently convicted, *inter alia,* of burglary in the third degree.

On appeal the defendant contends that his conviction of

burglary in the third degree was not supported by legally sufficient evidence *(see,* Penal Law § 140.20), as the train car that he illegally entered does not fall within the definition of a building *(see,* Penal Law § 140.00 [2]). We conclude, consistent with the legislative intent of the statute *(see, People v Mincione,* 66 NY2d 995; *People v Fennell,* 122 AD2d 69), that the passenger train car meets the statutory definition of a building either because it is a structure or a vehicle used by persons for the carrying on of business therein *(see,* Penal Law § 140.00 [2]).

Viewing the trial court's charge as a whole *(see, People v Canty,* 60 NY2d 830), we find that it adequately informed the jury as to the legal principles to be applied in arriving at its verdict *(see, People v Ciro,* 195 AD2d 568).

Contrary to the defendant's contention, the sentence imposed is not excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contention and find it to be without merit. Thompson, J. P., Lawrence, Pizzuto and Friedmann, JJ., concur.