■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUKE C. WANDELL, Appellant. [728 NYS2d 578] —Peters, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered August 2, 1999, upon a verdict convicting defendant of the crimes of burglary in the third degree, grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree.

In October 1998, defendant and his brother were observed exiting a storage trailer behind a Wal-Mart department store carrying several boxes of merchandise that they proceeded to hide in a nearby wooded area. State Police, alerted to the suspicious activity, witnessed the two men loading the items into a vehicle. As the two drove away, they were arrested. Recovered from the vehicle were four paper shredders and discovered in the wooded area were six microwave ovens. Following a jury trial, defendant was convicted of burglary in the third degree, grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree. After being sentenced to concurrent terms of imprisonment aggregating 1 to 3 years, he appeals.

Without merit is defendant's contention that a storage trailer does not meet the statutory definition of a "building" (*see*, Penal Law § 140.00 [2]) for the purpose of a conviction of burglary in the third degree (*see*, Penal Law § 140.20). The term " '[b]uilding,' in addition to its ordinary meaning, includes any structure * * * used by persons for carrying on business therein" (Penal Law § 140.00 [2]). Here, the record reveals that as part of Wal-Mart's business, its employees would stock numerous trailers on its property with merchandise, and transfer items therefrom to its store on a daily basis. Following the sale of larger items, customers were routinely instructed to drive to these trailers for direct pickup. In our view, these facts demonstrate that the storage trailers, particularly the one at issue, constitute "buildings" within the meaning of the Penal Law (*see, People v Mincione*, 66 NY2d 995; *People v Crandall*, 285 AD2d 742 [decided herewith]; *People v Marino*, 208 AD2d 564, *lv denied* 85 NY2d 911; *People v Jones*, 190 AD2d 632, *lv denied* 81 NY2d 1015; *People v Silva*, 122 AD2d 750; *People v Ruiz*, 120 AD2d 437, *affd* 68 NY2d 855; *see also, Franks v State*, 240 Ga App 685).

We similarly reject defendant's contention that the People failed to prove that the value of the stolen property exceeded $1,000. Value is defined as "the market value of the property" (Penal Law § 155.20 [1]) determined by the price at which it would "have been sold in the regular course of business at the time when and the place where * * * [it was] stolen" (*People v Irrizari*, 5 NY2d 142, 146). Without objection at trial, the People offered testimony from two Wal-Mart employees which established, by either the price tags or sticker price, that the aggregate retail value of the stolen merchandise exceeded the $1,000 threshold to support a conviction of grand larceny in the fourth degree (*see*, Penal Law § 155.30 [1]; *People v Irrizari, supra*, at 146; *People v Wynn*, 176 AD2d 375, 377; *see also, People v Smith*, 275 AD2d 673, 673, *lv denied* 95 NY2d 969; *People v Vaccarella*, 177 AD2d 990, 990, *lv denied* 79 NY2d 833; *People v Restifo*, 53 AD2d 775, 776; *cf., People v Burt*, 270 AD2d 516, 517).

With the sentence falling within permissible statutory limits and remaining less than the maximum term authorized by law (*see*, Penal Law § 70.00 [2] [d], [e]; [3] [b]), defendant's prior criminal record undermines his claim of extraordinary circumstances warranting a reduction in the interest of justice (*see, People v Ward*, 282 AD2d 819, 823; *People v Cleveland*, 281 AD2d 815, 816; *People v Fortune*, 268 AD2d 686).

Cardona, P. J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.