THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* PATRICK L. FOLEY and CHARLES M. MAINO, Respondents.

Argued May 27, 1954; decided July 14, 1954.

*Frank Del Vecchio, District Attorney (Arthur W. Wilson of* counsel), for appellant.   I. The evidence in this case was sufficient as a matter of law to justify the jury in returning a verdict of guilty and was of such a character as to exclude to a moral certainty every other hypothesis but that of the guilt of defendants.   (*People* v. *May,* 290 N. Y. 369; *Knickerbocker* v. *People,* 43 N. Y. 177; *Stover* v. *People,* 56 N. Y. 315; *Goldstein* v. *People,* 82 N. Y. 231; *People* v. *Richard,* 263 App. Div. 586; *People* v. *Galbo,* 218 N. Y. 283; *People* v. *Wilson,* 151 N. Y. 403; *State* v. *Dickson,* 78 Mo. 438; *People* v. *Razezicz,* 206 N. Y. 249; *People* v. *Woltering,* 275 N. Y. 51; *People* v. *Suffern,* 267 N. Y. 115; *People* v. *Lewis,* 275 N. Y. 33.)   II. There was no error committed by the court in the admission of the testimony of the witness, Harry Gingold.   (*People* v. *Marino,* 288 N. Y. 411; *People* v. *Walsh,* 262 N. Y. 140; *People* v. *Pauley,* 281 App. Div. 223.)   III. There was no error committed by the court in denying defendant's motion to set aside the verdict and granting a new trial on the ground that improper communications had been held with the jury.   (*People* v. *Durling,* 303 N. Y. 382; *People* v. *Hallock,* 267 App. Div. 1030; *People* v. *Gonzales,* 293 N. Y. 259; *People* v. *Pauley,* 281 App. Div. 223.)   IV. The receipt in evidence of conversations of defendants at the time of their apprehension was proper.   (*People* v. *Guidici,* 100 N. Y. 503.)

*Paul R. Shanahan* for respondents.   I. The prosecution evidence failed to adequately and directly establish " recent and exclusive possession of stolen property " by defendants and was therefore inadequate to establish their guilt.   (*People* v. *Hakala,* 270 App. Div. 612; *People* v. *Lynch,* 253 App. Div. 587; *People* v. *Jackson,* 255 App. Div. 688; *People* v. *Galbo,* 218 N. Y. 283; *People* v. *Razezicz,* 206 N. Y. 249; *People* v. *Giordano,* 213 N. Y. 575; *People* v. *Fitzgerald,* 156 N. Y. 253; *People* v. *Lewis,* 275 N. Y. 33; *People* v. *May,* 290 N. Y. 369.)   II. The order of the Appellate Division amending its reversal originally granted " on the law and facts " to a reversal " on the law " was error and this appeal should be dismissed.   (*Otten* **v.** *Man-*

*hattan Ry. Co.,* 150 N. Y. 395; *People* v. *Moskowitz,* 289 N. Y. 69.) III. The rulings of the trial court admitting in evidence Exhibits 18 and 23 were erroneous and substantially prejudiced respondents. (*Matter. of Roge* v. *Valentine,* 280 N. Y. 268; *Nicholas* v. *Rosenthal,* 283 App. Div. 9; *People* v. *Marino,* 288 N. Y. 411; *People* v. *Marshall,* 306 N. Y. 223; *People* v. *Carborano,* 301 N. Y. 39; *People* v. *Loomis,* 178 N. Y. 400; *People* v. *Harvey,* 235 N. Y. 282; *People* v. *Tassiello,* 300 N. Y. 425; *People* v. *Pignataro,* 263 N. Y. 229; *People* v. *Singer,* 300 N. Y. 120; *People* v. *Pauley,* 281 App. Div. 223.) IV. The receipt in evidence, over objection, of testimony to the effect that Maino admitted the theft of the Gingold car was error. V. The trial court was duty bound to investigate the charges with reference to improper communication with the jury, during deliberation, and his failure to properly instruct the jury, in answer to its request, was error. (*People* v. *Hallock,* 267 App. Div. 1030; *People* v. *Gonzalez,* 293 N. Y. 259; *People* v. *Pauley,* 281 App. Div. 223; *People* v. *Durling,* 303 N. Y. 382.)

*Per Curiam.* In this case the convictions of the defendants of the crimes of burglary, third degree, and larceny, second degree, are predicated upon their alleged recent, conscious and exclusive possession of the fruits of those crimes. (*Knickerbocker* v. *People,* 43 N. Y. 177, 179–180.) The Appellate Division has unanimously reversed the convictions on the law and has ordered a new trial for the reason that such alleged possession was not established by direct evidence but was based upon circumstantial evidence alone. That, the Appellate Division has held, makes the prosecution's case subject to the infirmity that the presumption of guilt of the crimes of burglary and larceny is founded in turn on an inference of recent and exclusive possession of the fruits of the crimes.

We agree with the Appellate Division that defendants are entitled to a new trial but not for the reason assigned by the Appellate Division, viz., that recent and exclusive possession of the fruits of the crimes must be established by direct evidence. A jury may properly infer such possession from circumstances. (See *People* v. *Wilson,* 151 N. Y. 403.) However, as is evident from the case cited, the circumstances must be established by clear and convincing evidence and must be of such a character

as, if true, to exclude to a moral certainty every other inference but that of recent and exclusive possession by defendants. While the testimony adduced presents many facts that are consistent with and point to recent and exclusive possession by defendants of the stolen articles, there is no one fact or series of facts which points inevitably thereto and it cannot be said that the evidence excludes to a moral certainty every other reasonable hypothesis but that defendants had conscious recent and exclusive possession of the stolen property. Therefore, a new trial must be had.

It is unnecessary to and we do not pass upon any other issue raised by defendants.

The order should be affirmed.

CONWAY, DESMOND, DYE, FROESSEL and VAN VOORHIS, JJ., concur; LEWIS, Ch. J., and FULD, J., dissent in the following memorandum: We agree with the court's formulation of the rule — that, where circumstantial evidence is relied upon, " the circumstances must be established by clear and convincing evidence and must be of such a character as, if true, to exclude to a moral certainty every other inference but that of recent and exclusive possession by defendants " (opinion, pp. 492–493; see, also, *People* v. *May,* 290 N. Y. 369, 375; *People* v. *Woltering,* 275 N. Y. 51, 61) — but it seems to us that the proof herein more than satisfies the test laid down. Indeed, we would say that defendants' guilt was established by the evidence, circumstantial though much of it is, almost to a mathematical certainty.

We would reverse the order of the Appellate Division and reinstate the judgments of the County Court.

Order affirmed.