■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT MASTERS, Appellant.— GIBSON, P. J. Appeal from a judgment of the County Court of Madison County entered upon a verdict convicting defendant of the crimes of burglary in the third degree and grand larceny in the second degree, involving the entry of an auto parts store and the theft therefrom of tools and equipment found by police five days later in the trunk compartment of an automobile operated by defendant. The search of the car followed its crash into a tree, following a high speed pursuit by police which began,

apparently, only because of defendant's speeding. Aside from whatever inference might properly be drawn from defendant's flight immediately upon the activation of the police car's flasher lights and siren, the verdict rested solely on application of the rule "that recent and exclusive possession of the fruits of crime, if unexplained or falsely explained, will justify the inference that the possessor is the criminal [which] rule has most frequently been applied in cases of burglary [citation] and larceny [citation] and receiving stolen goods [citation]". (*People v. Galbo*, 218 N. Y. 283, 290; *People v. Everett*, 10 N Y 2d 500, cert. den. 370 U. S. 963.) Contrary to the theory of the prosecution and the court upon the trial, the reference in the rule to "unexplained or falsely explained" possession does not open the door to testimony that the defendant refused to explain or by remaining silent failed to explain, nor does it otherwise dilute his privilege against self incrimination. Thus, the Court of Appeals reversed the conviction of a defendant apprehended with stolen sewing machines in his automobile, while his clothing bore traces of machine oil, grease and lint tending to connect him with the commission of the crime, because of testimony that "repeatedly defendant refused to answer where he got this oil and grease upon his hands and clothing"; the court adhering to the established principle that an accused, held in custody, is under no duty to speak and his silence may not be taken as inferential evidence of his guilt. (*People v. Travato*, 309 N. Y. 382, 386.) In the case before us, a police officer was first examined as follows: "Q. Did you subsequently take [defendant] into custody? A. Yes, sir. Q. Did the Defendant, at any time, make any statement to you, regarding his possession of these items? A. No, sir." Thereupon the officer was repeatedly asked, over objection (on each occasion responding in the negative), whether defendant stated "anything to you, as to his possession of these items" or "regarding his possession of these items" or "how he had come into possession of these various items" or "how he had obtained these items". The direct examination concluded: "Q. And was he advised he was charged with burglary, in connection with the various items introduced into evidence here? A. Yes, he was. Q. Did he make any statement to you, at that time, or at a later time, as to — MR. HENRY: Objection, and I move to withdraw the jury at this time. There is no obligation for the Defendant to speak at this time. THE COURT: Motion is overruled. MR. HENRY: Exception, your Honor. A. No. MR. FELDMAN: That is all." On summation, the District Attorney in enumerating the items of the People's proof urged, "four, that at no time has the Defendant made any attempt to offer any explanation for his possession of this specific collection of tools; five, that there has been no other evidence, of any kind, offered to explain his possession of those tools." Reversal is required because of these repeated violations of the clear rule of *Travato* (*supra*; and see *Miranda v. Arizona*, 384 U. S. 436, 468, n. 37.) There was proof that the automobile was operated occasionally by defendant's brother and sister, and that it was, in fact, registered in the sister's name; but it was in defendant's exclusive possession when he fled from the police car and when he was apprehended; there was evidence that he operated it daily; and we believe that the jury was warranted in finding, upon this proof, that he had "recent and exclusive possession" of the stolen goods in the trunk compartment. The conclusions hereinbefore stated render unnecessary a discussion of appellant's other assignments of error which seem to us insubstantial but will doubtless be avoided on the retrial in any event. Judgment reversed, on the law and the facts, and a new trial ordered. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gibson, P. J.