■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES LUPO, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated March 10, 1970, which denied the application, without a hearing. Order reversed, on the law, and defendant's motion granted to the extent of directing that a hearing be held. No questions of fact have been considered. The petition and the district attorney's position with respect thereto warranted a hearing; the record did not conclusively demonstrate the falsity of the petition (*People* v. *Guariglia*, 303 N. Y. 338). The district attorney agreed to a hearing provided that the order of Mr. Justice LEIBOWITZ denying the prior petition "with prejudice" did not preclude a hearing on the instant renewed petition. There was no preclusion (*Matter of Bojinoff* v. *People*, 299 N. Y. 145). Christ, P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GILBERTO RAMOS and RAMON PEREZ, Appellants.— Separate appeals by defendants from two judgments (each as to a different one of the defendants) of the Supreme Court, Kings County, both rendered April 25, 1969, convicting them of burglary in the third degree and petit larceny, upon a jury verdict. Judgments affirmed. No opinion. Christ, P. J., Rabin and Munder, JJ., concur; Hopkins and Martuscello, JJ., concur in affirmance of judgment against Perez, but otherwise dissent and vote to reverse the judgment against defendant Ramos and to dismiss the indictment insofar as it is against him, with the following memorandum: The People proved that defendant Perez, carrying a television set that had been taken from a locked bedroom, descended the building's stoop and that defendant Ramos, closing the vestibule door, thereafter descended the stoop and walked alongside Perez until they were arrested. In our opinion, though the evidence supported Perez's conviction (*Knickerbocker* v. *People*, 43 N. Y. 177; *People* v. *Foley*, 307 N. Y. 490), it was legally insufficient to prove that Ramos was his accomplice (see *People* v. *Cleague*, 22 N Y 2d 363; *People* v. *Kohn*, 251 N. Y. 375).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN SADDLER, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated March 4, 1969, which denied the application, without a hearing. Order affirmed. By failing to object at trial, defendant waived his right to object to the introduction of testimony concerning allegedly inculpatory statements made by him on the ground that the prosecution had not notified him pursuant to section 813-f of the Code of Criminal Procedure of its intention to introduce such testimony (*People* v. *Ross*, 21 N Y 2d 258). Christ, P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.