■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WARREN DAVID PETERS, Also Known as WILLIAM MORRIS, Appellant.— Appeal from a judgment of the County Court, Sullivan County, convicting defendant of the crime of criminal possession of stolen property in the second degree (Penal Law, § 165.45, subd. 1). Defendant stands convicted following a jury verdict of the crime of criminal possession of stolen property in the second degree involving two television sets stolen from a Holiday Inn located in the Village of Liberty, Sullivan County. At the trial Edward Reynolds, a guest at the Holiday Inn on the night of October 20, 1972, testified that at about 2:00 A.M. he saw someone, whom he later identified as codefendant Frank Varsanyi, put a large object covered by a multi-colored bedspread into the trunk of a Buick automobile, later identified as belonging to Varsanyi; that he got the license number of the vehicle and reported what he had seen and that, when the vehicle drove away, he followed it and eventually found the vehicle parked in a department store parking lot. Subsequently, the State Police arrived at the place where the vehicle was parked, and after observing what appeared to be a linen bedspread

through a crack where the trunk lid had been sprung, the State Police and Reynolds proceeded to a diner where the police found Varsanyi and defendant and questioned them. Over objection, testimony was introduced that defendant gave a set of keys to one of the police officers, apparently at the officers' request. The officer then started the engine of the automobile using one key and subsequently opened the trunk of the auto with another. Within the trunk the officers discovered the two television sets, as well as an attaché case and a traveling bag which contained a variety of tools. Defendant and Varsanyi were thereupon placed under arrest. There is no question raised on this appeal that the search of the automobile was improper. Defendant urges, however, that the testimony concerning his act of giving the automobile keys to the officer should have been precluded because the prosecution failed to serve a notice that it intended to introduce such testimony pursuant to CPL 710.30. We cannot agree with this contention. Section 710.30 imposes a notice requirement when the prosecution intends to offer at a trial "a statement" made by the defendant. Here, the testimony involved concerned the defendant's physical act of delivering the keys to the car to an officer. While concededly conduct may, under some circumstances, amount to an admission, we cannot construe section 710.30 as requiring notice that proof is intended to be offered of such a physical act as is here involved. As noted, there is no assertion made that delivery of the keys was in any way involuntary and defendant cannot possibly claim that such testimony came as a surprise, which is a main reason behind the enactment of section 710.30 (see, Practice Commentary by Richard Denzer, McKinney's Cons. Laws of N. Y. Book 11A, CPL 710.30, pp. 282–83). Similarly, we find no merit in defendant's contentions that the value of the stolen property was not properly proven to exceed $250 or that prejudicial instructions by the Trial Judge resulted in a coerced verdict against defendant. The prosecution produced expert testimony that, in operable condition, the sets, on the date of their theft, had a market value of $325 and testimony that the sets had been checked and found to be operable just prior to the theft. The experiential qualifications of the prosecution's expert were for the Trial Judge's determination (2 Wigmore, Evidence [3d ed.], § 561, p. 643; *Slocovich* v. *Orient Mut. Ins. Co.*, 108 N. Y. 56, 62), and the jury, which had the sets before it, could properly accept or reject the proffered valuations. The instructions given to the jury upon its return during deliberation were consistent with CPL 310.70 (subd. 1, par. [b], cl. [i]) and, in any event, no error was committed since under the instructions given "the jury was free to convict, acquit, or disagree" (*People* v. *Randall*, 9 N Y 2d 413, 426). Finally, the defendant raises the contention that the circumstantial evidence against him was insufficient to sustain his conviction. The case against defendant is based on the fact that he was discovered in close proximity, both in time and place, to stolen goods and the place of their theft with the key to the automobile trunk containing the goods in his possession. It is well established that "recent and exclusive possession of the fruits of crime, if unexplained or falsely explained, will justify the inference that the possessor is the criminal" (*People* v. *Galbo*, 218 N. Y. 283, 290). The question is, therefore, whether "recent and exclusive possession" of the stolen television sets was shown on the part of the defendant by proof of circumstances which exclude every reasonable hypothesis of defendant's innocence to a moral certainty (*People* v. *Cleague*, 22 N Y 2d 363, 365–66; *People* v. *Foley*, 307 N. Y. 490). Possession of the keys to a locked container may be enough to vest in the possessor control over the contents of the container (*People* v. *Spillman*, 309 N. Y. 295, 302; *Matter of Kelsey*, 29 A D 2d 450, 457, affd. 26 N Y 2d 792; *Matter of Lines*, 21 Misc 2d 699, 701). Moreover, the Court of

Appeals in *People* v. *Reisman* (29 N Y 2d 278, 285, cert. den. 405 U. S. 1041) stated: " Generally, possession suffices to permit the inference that the possessor knows what he possesses, especially, but not exclusively, if it is in his hands, on his person, in his vehicle, or on his premises ". Here, defendant was arrested at an early hour of the morning, near the scene of a burglary and in the company of a person who was identified as being present at that scene a short time before. Although the automobile belonged to Varsanyi, it was defendant who had sole access to the trunk at the time of their arrest. We find that the jury could thus, on the instant record, properly determine that the defendant was guilty of criminal possession. There is more present here than mere presence at or near the scene of the crime (cf. *People* v. *Cleague, supra*; *People* v. *Kohn*, 251 N. Y. 375). And the jury, of course, did not have to accept defendant's explanation of his presence and the circumstances thereof (*People* v. *Asan*, 22 N Y 2d 526, 530). Judgment affirmed. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Reynolds, JJ., concur.