THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SCHILLACI, Appellant.

Second Department, May 14, 1979

APPEARANCES OF COUNSEL

*Stephen J. Pittari (Raymond C. Volper* of counsel), for appellant.

*Carl A. Vergari, District Attorney (Gerald D. Reilly* and *Cheryl Kosan* of counsel), for respondent.

## OPINION OF THE COURT

RABIN, J.

■ The defendant stands convicted of grand larceny in the third degree and petit larceny. The primary issue on appeal is the applicability of the permissive inference of guilt based upon the unexplained recent and exclusive possession of the fruits of a crime. In view of the total circumstances of this case, no such inference may be drawn which is sufficient to sustain the judgment of conviction for the crime of larceny.

The defendant was arrested for possession of burglar's tools at approximately 3:30 A.M. on March 28, 1974, while he was slowly driving through a commercial area of Greenwich, Connecticut. A subsequent search of the vehicle which the defendant was operating revealed contraband from two burglaries which occurred on February 1, 1974 in Westchester County, New York. Although apparently not prosecuted in Connecticut on the charge of possession of burglar's tools, the defendant was indicted by a Westchester County Grand Jury for burglary in the second and third degrees, grand larceny in the third degree, petit larceny and criminal mischief in the fourth degree (two counts), stemming from the February burglaries.

At trial the victims of the two burglaries testified that they had been out on February 1, 1974 and when they returned (one at approximately 8:00 P.M. and the other at approximately 10:00 P.M.) they found that their homes had been ransacked. The victims lived three houses away from each other. Missing from one home were tapes, a camera, a shotgun, cash, jewelry, a wallet and several credit cards. Missing from the other home were a considerable amount of jewelry, including a diamond pendant, two gold watches, a star sapphire ring, a diamond ring and a jade gold ring. Entry was apparently gained by prying open the front door of each home by use of an instrument that left one-half inch wide prymarks.

The Connecticut police officer who stopped the defendant testified to the circumstances of the arrest. He stated that when he looked inside the vehicle he observed several missha-

pen screwdriver-type implements, a flashlight and a tire iron. When the vehicle was searched, a folder containing credit cards from the first home was found under the left front floor mat and the jade gold ring from the second home was found in the armrest well of the driver's door. The other items of stolen property were not recovered.

The only evidence linking the defendant to the burglaries was the existence of stolen property in the vehicle which he was operating when arrested. The vehicle was registered to the defendant's mother and no evidence was introduced concerning the regularity of defendant's use of the vehicle or whether anyone else had access to the vehicle.

■ The criminal law recognizes that recent and exclusive possession of the fruits of a crime is, if unexplained, strong evidence of guilt, which may establish a prima facie case. The inference is, of course, permissive only and cannot be used to dilute the prosecution's burden of proof. Furthermore, the mere fact of possession may be insufficient to resolve the underlying question of exactly which crime a defendant has committed (see *People v Galbo,* 218 NY 283). There are no precise definitions of what constitutes recent and exclusive possession. Rather, the standard is fluid and depends upon the circumstances of each case (see *People v Colon,* 28 NY2d 1, cert den 402 US 905). For instance, the more recent the exclusive possession, the stronger the inference of guilt of larceny and burglary. Although the interrelationship between recent possession and exclusive possession need not be demonstrated in every case, certainly "[w]here any considerable length of time has elapsed there must be some showing between the time of the larceny or burglary and the time the defendant is discovered in possession of the property that he has had the exclusive possession during that period of time" *(Underhill v State,* 247 Ind 388, 390). More generally, the longer the period between the larceny and the discovery of defendant's possession of the fruits of the crime, the stronger the circumstantial evidence must be before the inference of guilt may be drawn. In the instant case, the evidence is insufficient to sustain that inference.

■ Here, there was a two-month hiatus between the burglaries and the time of defendant's arrest. Yet notwithstanding the lengthy time period, no other evidence was introduced which linked the defendant *as possessor to* the perpetrator who committed the larcenies. This complete absence of proof

distinguishes this case from the few cases which allowed the inference of guilt based upon the possession of the fruits of a crime which occurred one or two months earlier (see, e.g., *Knickerbocker v People,* 43 NY 177, where there was direct evidence placing the defendant at the scene on the day of the burglary and the defendant had falsely explained his possession of the stolen property). The defect in establishing the premise of recent possession is exacerbated by the prosecution's failure to prove the related premise of exclusive possession.

Only a few items of stolen property were found in the vehicle which the defendant was operating. The recovered property (i.e., the credit cards and the jade ring) was hidden from view, thereby allowing the possibility that the defendant did not know of their presence in the vehicle. While this alone is not sufficient to exculpate the defendant, it is an appropriate factor to consider in evaluating the applicability of the inference. The case of *People v Peters* (43 AD2d 599) does not require a different result. Although, in *Peters,* the stolen property was found in the trunk of an automobile, the arrest was made almost immediately after the crime and the police had been summoned by an eyewitness who followed the suspect vehicle after seeing the stolen property being placed in the car's trunk. In addition, Peters was only convicted of possession of stolen property, whereas the instant case involves convictions for larceny. Since the more serious crime of larceny entails different elements, additional proof is usually required to support the inference (cf. *People v Galbo,* 218 NY 283, *supra*).

Fatal to the prosecution's effort at establishing the fact of "exclusive" possession is the complete absence of proof showing that the defendant customarily drove the subject vehicle. The fact that the automobile is owned by the defendant's mother indicates that he may have been only an occasional operator and that other persons may have had ready access to the vehicle. *People v Masters* (30 AD2d 723) is not to the contrary. Masters was arrested after a high-speed chase only five days after the burglary and the trial evidence affirmatively proved that he was a daily operator of the vehicle in which the stolen property was found. It is this proof of regular use that is missing in the present case.

The combined factors of the lengthy period between the burglaries and the defendant's arrest; that the recovered

contraband was hidden from view and constituted only a small part of the stolen property; and the absence of proof regarding how regularly the defendant operated his mother's vehicle, suggest the possibility that another person who also had ready access to the vehicle, may have committed the charged crimes.

As previously indicated, no direct evidence of guilt was introduced and the only circumstantial evidence of defendant's guilt was the alleged recent and exclusive possession of the stolen property. However, the inference of guilt may only be sustained if the fact of recent and exclusive possession was shown "by proof of circumstances which exclude every reasonable hypothesis of defendant's innocence to a moral certainty" (see *People v Peters,* 43 AD2d 599, 600, *supra).* The instant record does not meet this standard and, therefore, the judgment convicting the defendant of two counts of larceny, should be reversed.

MOLLEN, P. J. (concurring). I concur in the opinion of Mr. Justice RABIN that the judgment should be reversed, on the law, and the indictment dismissed. I would further reverse on the additional ground that the motion for suppression of the physical evidence should have been granted.

Under the circumstances present, the police officer had an insufficient basis to arrest the defendant. There was a sufficient basis to stop the defendant's vehicle and question the defendant. However, the mere observation of three screwdriver-type implements and a flashlight on the front seat of the vehicle was insufficient to justify the arrest of the defendant. Therefore, the subsequent impounding and search of the vehicle was not warranted and the motion to suppress the physical evidence which was found as a result of the search, should have been granted.

MARTUSCELLO, J. (dissenting). I would affirm the judgment. The majority's decision to reverse and dismiss the indictment relies on the failure of the People to show recent and exclusive possession, by the defendant, of the fruits of the crime. Essentially, they emphasize (1) the hiatus between the commission of the crime (February 1, 1974) and the date of arrest (March 28, 1974) and (2) the absence of proof of "exclusive" possession.

The classic case on the inference of recent and exclusive possession is *Knickerbocker v People* (43 NY 177). The hiatus

there between the theft of a watch and the defendant's arrest was one or two months. The court stated (pp 179-180): "[T]he exclusive possession of the whole *or some part* of stolen property by the prisoner, recently after the theft, *is sufficient when standing alone* to cast upon him the burden of explaining how he came by it, or of giving some explanation; and if he fail to do so, to warrant the jury in convicting him of the larceny" (emphasis added).

The stolen items found in the car driven by defendant herein consisted of a ring and credit cards. It has already been held in *Knickerbocker v People (supra)* that a one- or two-month hiatus between the crime and the arrest does not vitiate the inference of guilt when the item stolen was a watch. I submit that no substantial difference exists between a watch and a ring. In *People v Colon* (28 NY2d 1, cert den 402 US 905) the court applied the *Knickerbocker* inference to a situation where, *one month* after stocks and bonds had disappeared, investigators met with the defendant to make a deal on purchasing the missing securities. I submit that, for the purposes of the application of the inference, no substantial difference exists between stolen securities and stolen credit cards.

Nor is there any problem with the presumption's requirement of exclusive possession. Defendant was arrested while driving a car which had secreted around the driver's seat items which had, on February 1, 1974, been stolen from two different residences. There is no question but that defendant was in exclusive control and possession of the car at the time of his arrest. The fact that the car was registered in his mother's name is irrelevant.

In *People v Masters* (30 AD2d 723) the defendant was arrested while driving a car registered in his sister's name. Notwithstanding testimony establishing that several persons had used the car at different times, the court held that the jury was warranted in finding that the defendant had recent and exclusive possession of the stolen items found in the trunk at the time of the arrest since he then had "exclusive" possession of the car. In *People v Peters* (43 AD2d 599) the defendant was convicted of criminal possession of stolen property although he did not own the car in which stolen items were found. In fact, he was not even in the car when arrested; he was in a diner in the company of the owner of the car. The court reasoned that since the defendant had possession of the

car keys and therefore had access to the stolen items in the trunk, the inference of recent and exclusive possession had been properly applied.

Accordingly, based on established legal precedent, the inference of guilt based on recent and exclusive possession of stolen property, was properly applied to the defendant herein. Since he failed, in any way, to explain the possession, the jury was completely warranted in convicting him of larceny.

MOLLEN, P. J., and HOPKINS, J., concur in the opinion of RABIN, J., MOLLEN, P. J., with a separate opinion. MARTUSCELLO, J., dissents and votes to affirm the judgment, with an opinion.

Judgment of the Supreme Court, Westchester County, rendered March 7, 1978, reversed, on the law, indictment dismissed and case remitted to the Supreme Court, Westchester County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.