■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL CARRERO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered January 16, 1987, convicting him of grand larceny in the third degree, criminal possession of stolen property in the second degree and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the County Court, Nassau County, for the purpose of entering an order in its discretion pursuant to the CPL 160.50.

The defendant contends that the evidence supporting his convictions was legally insufficient since the People did not establish the element of possession with respect to the stolen car radio. We agree.

The only evidence connecting the defendant to the crimes for which he was convicted, was the fact that he was a passenger in the car where the stolen goods were found. When apprehended by the police, he was sitting in the rear of the vehicle behind the driver's seat. One of his codefendants was sitting in the driver's seat and the other was sitting in the front passenger seat. The stolen car radio was found hidden underneath the front passenger seat and was not visible from either the driver's or passenger's side without looking under the seat.

While a jury may properly infer possession of stolen property from circumstantial evidence, the circumstances must be established by clear and convincing evidence and must be of such a character as to exclude to a moral certainty every other inference but that of recent and exclusive possession *(see, People v Foley,* 307 NY 490). Here, there was no showing that the defendant was aware of the presence of the radio and the radio was not in plain view *(cf., People v Travato,* 309 NY 382), there was no evidence of the defendant's participation in the burglary *(cf., People v Shurn,* 69 AD2d 64), and the defendant was not exercising dominion and control over the

car when apprehended *(cf., People v Peters,* 43 AD2d 599). Consequently, the evidence as a whole is not inconsistent with the defendant's innocence, nor does it exclude to a moral certainty every other reasonable hypothesis but guilt *(see, People v Cleague,* 22 NY2d 363).

In view of our determination, we have not reviewed the remaining contentions. Mangano, J. P., Brown, Eiber and Sullivan, JJ., concur.