■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON KEELAN, Appellant.—Judgment, Supreme Court, New York County (Myriam Altman, J.), rendered August 7, 1989, convicting the defendant, upon a jury verdict, of grand larceny

in the fourth degree and criminal possession of stolen property in the fourth degree and sentencing him to concurrent indeterminate terms of imprisonment of from 1½ to 3 years, unanimously reversed, on the law, and the indictment is dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of a copy of this Court's order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

While travelling from Florida to Connecticut on August 29, 1988, the complainant and her husband changed trains at Penn Station following a one hour layover. The complainant recalled opening her wallet at 8:00 that morning to pay for breakfast on the train from Florida but noticed that it was missing when she arrived in Connecticut.

Assistant Stationmaster Thomas O'Brien was on the track level waiting for the complainant's train to depart for Connecticut at 2:30 P.M. on August 29, 1988, when he saw the defendant on the train, in the vestibule between two cars, holding a wallet. O'Brien testified that he approached the defendant and asked him where he was going. In response, the defendant asked him for the location of the smoking car. (However, in his written report of the incident, O'Brien indicated that the defendant approached him to ask which car permitted smoking.) When O'Brien asked to see the defendant's ticket, the defendant said "[n]ever mind", got off the train and began to walk away. O'Brien told the defendant to "[s]tay right there" and contacted the police. Several minutes later, the defendant threw the wallet on the platform and went up an escalator. O'Brien followed him and held him until the police arrived. The wallet, which was thereafter recovered by a police officer, contained credit cards in the name of the complainant. The defendant was arrested and, following a jury trial, convicted of the crimes of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally insufficient to establish the defendant's guilt. No direct evidence of guilt was introduced. The People never established when or how the defendant came into possession of the wallet and failed to prove beyond a reasonable doubt that he stole it or knew that it was stolen, or that it was,

indeed, stolen, rather than lost. The only circumstantial evidence of the defendant's guilt was his alleged recent and exclusive possession of the property. "However, the inference of guilt may only be sustained if the fact of recent and exclusive possession was shown 'by proof of circumstances which exclude every reasonable hypothesis of defendant's innocence to a moral certainty' " *(People v Schillaci,* 68 AD2d 124, 128, quoting *People v Peters,* 43 AD2d 599, 600).

While the People maintain that the jury inferred that the defendant was guilty based on his recent and exclusive possession of the fruits of a crime, where, as here, circumstances exist which make it less probable that the possession is knowing, the inference is deprived of much, if not all, of its force *(People v Acosta,* 174 AD2d 181, 184, *lv denied* 79 NY2d 1045, citing *People v Reisman,* 29 NY2d 278, *cert denied* 405 US 1041). It is undisputed that the defendant was found on a train in possession of the complainant's wallet some six hours after she last took it out of her pocketbook, while on another train. In light of the plausible innocent explanations that the complainant lost the wallet, or it was stolen by someone else during that six hour period, and that the defendant then found the wallet, the inference of guilty knowledge from the fact of possession was not "so sure as to constitute proof beyond a reasonable doubt of the defendant's culpability" *(People v Acosta, supra,* at 186; *see also, People v Kirkpatrick,* 32 NY2d 17, *appeal dismissed* 414 US 948). Nothing in the defendant's behavior after being confronted by O'Brien detracts from this conclusion.

Accordingly, the judgment is reversed and the indictment is dismissed. Concur—Murphy, P. J., Rosenberger, Kassal and Rubin, JJ.