■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDE CHAPMAN, Appellant. [682 NYS2d 5] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered February 21, 1995, convicting defendant, after a jury trial, of six counts of criminal possession of stolen property in

the fourth degree and one count of petit larceny, and sentencing him, as a second felony offender, to six concurrent terms of 2 to 4 years concurrent to a term of 1 year, respectively, unanimously affirmed.

The evidence at trial was legally sufficient to convict defendant of criminal possession of stolen property in the fourth degree with respect to the wallet containing six credit cards that was found in his possession, along with complainant's check book, at the time of defendant's arrest for petit larceny. Defendant contends that the People failed to show that the complainant's wallet was stolen, rather than misplaced or lost, and that therefore he could not be found to have knowingly possessed "stolen property" consisting of "stolen credit cards" (Penal Law § 165.45 [2]; § 165.55 [3]). To the contrary, the evidence before the jury was that the complainant, who had stopped to shovel some snow in front of her building on the way to a doctor's appointment, handed her purse (containing her wallet and checkbook) to her son, who placed it by the window several feet away from his mother and then went inside to retrieve his toys; when he came back outside and she asked for her purse, he discovered that it was no longer where he had put it. This is in contrast to the cases cited by defendant, where the complainant did not even know that her wallet was gone until hours after she had last used it (*People v Keelan*, 189 AD2d 625, *lv denied* 81 NY2d 972), or where the complainant knew that she had left her purse behind in a shopping cart (*People v McFarland*, 181 AD2d 1007, *lv denied* 79 NY2d 1051). The inferences drawn by the jury were further supported by defendant's initial attempt to flee, his conflicting statements to the police as to how he came into possession of the wallet and his attempt to hide the wallet because, according to him, it was the "whole case" against him and without it the police had "nothing" on him. Concur—Milonas, J. P., Ellerin, Wallach and Tom, JJ.