■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID W. SOUSA, Appellant. [803 NYS2d 300]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered August 1, 2003 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the third degree.

At about 3:00 A.M. on June 20, 2002, a police officer in the Town of Colonie, Albany County, spotted a 2002 Ford Explorer that had been reported as stolen two weeks earlier. When the officer activated the lights and siren on the police car, the Explorer accelerated and a high-speed chase ensued throughout the region, eventually ending when the driver abandoned the Explorer in the City of Troy, Rensselaer County, and ran into

nearby woods. A passenger in the Explorer was immediately apprehended and, shortly thereafter, police found defendant in the woods still in possession of the Explorer's keys. An allegedly stolen credit card was found in the Explorer. Defendant was indicted in Albany County for the crimes of criminal possession of stolen property in the third degree (based on possession of the Explorer) and criminal possession of stolen property in the fourth degree (based on possession of the credit card). Following a jury trial, he was convicted of criminal possession of stolen property in the third degree and acquitted of the other charge. Defendant was sentenced as a second felony offender to a prison term of 3½ to 7 years and now appeals.

Although defendant acknowledges that the evidence was adequate under the standard for review of legal sufficiency (see *People v Cancer*, 16 AD3d 835, 836-837 [2005]), he argues that the weight of the evidence failed to establish that he knew the Explorer was stolen. Review of a challenge to the weight of the evidence includes weighing conflicting evidence and the strength of inferences from that evidence, while affording due deference to factual determinations by the jury (see *People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant urges that the fact that he was operating the vehicle without a driver's license provides an alternative, and more plausible, explanation for his decision to attempt to flee from the police. A police officer stated that, after defendant was apprehended, he told the officer that he had found the keys in the Explorer and was just out driving it around. The passenger who was with defendant in the Explorer testified at trial that defendant said that the vehicle belonged to his mother. Such statements, together with defendant's high-speed flight and subsequent attempt to escape on foot, fully support the jury's determination that defendant knew the vehicle was stolen (see *People v Chapman*, 255 AD2d 218, 219 [1998], *lv denied* 93 NY2d 898 [1999]). Upon our independent weighing and consideration of the evidence, we discern no reason to depart from the jury's verdict.

Defendant next asserts that Supreme Court committed reversible error by communicating with the jury outside of his presence. While a defendant has a fundamental right to be present at all material stages of a trial (see *People v Antommarchi*, 80 NY2d 247, 250 [1992]), a defendant's presence is not mandated for a communication by the court that is merely ministerial (see *People v Collins*, 99 NY2d 14, 17-18 [2002]; *People v Cody*, 260 AD2d 718, 721 [1999], *lv denied* 93 NY2d 1002 [1999]). During a recess, Supreme Court excused defense counsel to immediately leave the courthouse upon learning of a

medical emergency in counsel's family. The court then reconvened the jury solely for the purpose of informing them that a medical emergency had occurred in defense counsel's family and that the trial was being adjourned for two days. Although defendant was not present in the courtroom when Supreme Court adjourned the trial because of the medical emergency, no error occurred since the communication was merely ministerial.

Defendant's pro se contention that there was a conflict-based ineffective assistance of counsel relies on matters not in the record and, in any event, fails to "show that 'the conduct of his defense was in fact affected by the operation of the [alleged] conflict of interest,' or that the conflict 'operated on' the representation" (*People v Ortiz*, 76 NY2d 652, 657 [1990], quoting *People v Alicea*, 61 NY2d 23, 31 [1983]; *accord People v Abar*, 99 NY2d 406, 409 [2003]). Review of the record reflects that defense counsel made appropriate motions (successfully suppressing some evidence), vigorously cross-examined prosecution witnesses and obtained an acquittal on one of the two charged counts (*see People v McCrone*, 12 AD3d 848, 849-850 [2004], *lv denied* 4 NY3d 800 [2005]). The remaining arguments have been considered and found to be either not properly preserved or lacking in merit.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.