People v Pabon (2018 NY Slip Op 00195)





People v Pabon


2018 NY Slip Op 00195


Decided on January 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2018

107569

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DANIEL R. PABON, Appellant.

Calendar Date: November 16, 2017

Before: McCarthy, J.P., Lynch, Devine, Mulvey and Aarons, JJ.


Todd G. Monahan, Schenectady, for appellant.
Kelli P. McCoski, District Attorney, Fonda (Pamela A. Ladd of counsel), for respondent.


Devine, J.

MEMORANDUM AND ORDER
Appeals (1) from a judgment of the County Court of Montgomery County (Catena, J.), rendered August 27, 2014, convicting defendant upon his plea of guilty of the crimes of robbery in the first degree and robbery in the second degree, and (2) by permission, from an order of said court, entered August 16, 2016, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant pleaded guilty to an indictment charging him with robbery in the first degree and robbery in the second degree without any promise being made as to the sentence. Thereafter, County Court imposed an aggregate sentence of seven years in prison to be followed by five years of postrelease supervision.
Defendant subsequently moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that, among others, he received ineffective assistance of counsel. County Court denied the motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.10 motion.
In support of both appeals, defendant argues that he was denied the effective assistance of counsel, which resulted in his entry of a guilty plea that was not knowing, voluntary or intelligent. Insofar as this claim impacts the voluntariness of defendant's guilty plea, it has not been preserved for our review on his direct appeal as the record does not disclose that he made an appropriate postallocution motion to withdraw his plea (see People v Darrell, 145 AD3d 1316, [*2]1317 [2016], lv denied 29 NY3d 1125 [2017]; People v Tamah, 133 AD3d 923, 924 [2015]). Moreover, the narrow exception to the preservation rule is inapplicable as defendant did not make any statements during the plea colloquy that cast doubt upon his guilt (see People v Darrell, 145 AD3d at 1317; People v Oddy, 144 AD3d 1322, 1323-1324 [2016], lv denied 29 NY3d 1131 [2017]).
Turning to his CPL 440.10 motion, defendant contends that County Court erred in denying it without conducting a hearing on his claim of ineffective assistance of counsel. We note that "a hearing on a CPL 440.10 motion is not always necessary, [but] a hearing is required where the defendant bases the motion upon nonrecord facts that are material and, if established, would entitle the defendant to relief" (People v Monteiro, 149 AD3d 1155, 1156 [2017]; see People v Satterfield, 66 NY2d 796, 799 [1985]; People v Stahl, 141 AD3d 962, 966 [2016], lv denied 28 NY3d 1127 [2016], cert denied ___ US ___, 138 S Ct 222 [2017]. Here, defendant asserts that his counsel was ineffective because, among other things, he (1) had a conflict of interest arising from his representation of a defendant in another criminal matter in which defendant was the victim, (2) failed to adequately communicate with defendant, (3) failed to negotiate a more favorable plea offer, (4) failed to secure the services of a Spanish interpreter, and (5) pressured defendant into accepting the final plea offer.
Initially, the claimed conflict of interest involved an unrelated criminal matter that was resolved prior to the entry of defendant's guilty plea, and defendant offers nothing to show "that 'the conduct of his defense was in fact affected by the operation of the [alleged] conflict of interest,' or that the conflict 'operated on' the representation" (People v Ortiz, 76 NY2d 652, 657 [1990], quoting People v Alicea, 61 NY2d 23, 31 [1983]; accord People v Sousa, 23 AD3d 697, 699 [2005], lv denied 6 NY3d 781 [2006]; see People v Tomasky, 36 AD3d 1025, 1027 [2007], lv denied 8 NY3d 927 [2007]). Defendant's remaining allegations are conclusory in nature, are not corroborated by the documentation submitted in support of his motion and are, to some extent, contradicted by the record. Significantly, the record discloses that defendant, against the well-reasoned advice of counsel, rejected other more favorable plea offers before eventually pleading guilty to the indictment, that his counsel conferred with him and advocated on his behalf during numerous court appearances, and that defendant expressed to County Court his satisfaction with his counsel's representation and that he was freely and voluntarily entering his guilty plea. Furthermore, there is no indication that defendant ever requested the services of a Spanish interpreter or was unable to understand the proceedings or his counsel's recommendations due to a language barrier. In view of the foregoing, we conclude that County Court did not err in denying defendant's CPL 440.10 motion without first conducting an evidentiary hearing (see People v Decker, 139 AD3d 1113, 1117 [2016], lv denied 28 NY3d 928 [2016]; People v Griffin, 89 AD3d 1235, 1237 [2011]; compare People v Rapp, 133 AD3d 979, 980-981 [2015]; People v Deyo, 82 AD3d 1503, 1504-1506 [2011], lv denied 17 NY3d 815 [2011]).
McCarthy, J.P., Lynch, Mulvey and Aarons, JJ., concur.
ORDERED that the judgment and order are affirmed.