The People of the State of New York, Respondent,
against
Wesley Brissett, Appellant.




Appellate Advocates (Lauren E. Jones of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart of counsel), for respondent.

Appeal from four judgments of the Criminal Court of the City of New York, Richmond County (Mario F. Mattei, J.), rendered September 9, 2013. The judgments convicted defendant, upon his pleas of guilty, of three charges of criminal possession of stolen property in the fifth degree, and disorderly conduct, respectively, and imposed sentences.




ORDERED that the judgment convicting defendant of criminal possession of stolen property in the fifth degree under Criminal Court docket No. 2013RI005657 is affirmed; and it is further,
ORDERED that the judgment convicting defendant of disorderly conduct under Criminal Court docket No. 2013RI002727 is reversed, on the law, defendant's guilty plea thereto is vacated, that accusatory instrument is dismissed, and the fine thereon, if paid, is remitted; and it is further,
ORDERED that so much of the appeal as is from the judgment convicting defendant of criminal possession of stolen property in the fifth degree under Criminal Court docket No. 2013RI005606 is dismissed as abandoned; and it is further,
ORDERED that the judgment convicting defendant of the second count of criminal possession of stolen property in the fifth degree under Criminal Court docket No. 2013RI005605 is reversed, on the law, defendant's guilty plea thereto is vacated, that count of the accusatory instrument is dismissed, the fine thereon, if paid, is remitted, and the remaining counts under that docket number are dismissed as a matter of discretion and in the interest of justice.
The People charged defendant, in two informations (Criminal Court docket Nos. 2013RI005657 and 2013RI005606), with one count each of criminal possession of stolen property in the fifth degree (Penal Law § 165.40), in a third information (Criminal Court docket No. 2013RI005605) with two counts of criminal possession of stolen property in the fifth degree, and with single counts of unlawful possession of marihuana (Penal Law § 221.05) and riding a bicycle on a sidewalk (Administrative Code of the City of New York § 19-176 [p]), and, in a fourth information (Criminal Court docket No. 2013RI002727), with unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [1]). Pursuant to a consolidated plea and sentencing agreement, defendant pleaded guilty to the two accusatory instruments alleging criminal possession of stolen property in the fifth degree (Criminal Court docket Nos. 2013RI005657 and 2013RI005606), to the second count of criminal possession of stolen property in the fifth degree alleged under Criminal Court docket No. 2013RI005605, and to disorderly conduct (Penal Law § 240.20) in satisfaction of the charge of unauthorized use of a vehicle in the third degree (Criminal Court docket No. 2013RI002727). The remaining counts charged under Criminal Court docket No. 2013RI005605 were dismissed in satisfaction of the guilty pleas.
On appeal, defendant challenges the facial sufficiency of the accusatory instruments charging him with unauthorized use of a vehicle in the third degree, and criminal possession of stolen property in the fifth degree alleged under Criminal Court docket No. 2013RI005657 and as the second count of Criminal Court docket No. 2013RI005605. We agree with defendant's contention to the extent that the charge of unauthorized use of a vehicle in the third degree, and the second count of criminal possession of stolen property in the fifth degree alleged under docket number 2013RI005605, are facially insufficient. 
A " 'valid and sufficient accusatory instrument is a nonwaivable prerequisite to a criminal prosecution' " (People v Afilal, 26 NY3d 1050, 1051 [2015], quoting People v Case, 42 NY2d 98, 99 [1977]), and the right to challenge an instrument as jurisdictionally insufficient is not forfeited by a guilty plea (see People v Dreyden, 15 NY3d 100, 103 [2010]). However, as defendant waived his right to be prosecuted by information, the accusatory instruments' legal sufficiency are evaluated under the standards applicable to a misdemeanor complaint (see CPL 170.65 [3]; People v Aragon, 28 NY3d 125, 127 [2016]). A misdemeanor complaint, "one of the simplest forms of an accusatory instrument" (People v Suber, 19 NY3d 247, 251 [2012]), is sufficient on its face when it alleges facts of an evidentiary character supporting or tending to support the charge (see CPL 100.15 [3]), and provides reasonable cause to believe that the defendant committed the crime charged (see CPL 100.40 [4] [b]; People v Dumas, 68 NY2d 729, 731 [1986]; People v Vargas, 55 Misc 3d 136[A], 2017 NY Slip Op 50501[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). The factual allegations in a misdemeanor complaint are sufficient if they provide defendant with " 'sufficient notice of the charged crimes to satisfy the demands of due process and double jeopardy' " (People v Dumay, 23 NY3d 518, 524 [2014], quoting People v Dreyden, 15 NY3d at 103), that is, to enable a defendant to prepare a defense and to avoid being tried twice for the same offense (see People v Konieczny, 2 NY3d 569, 576 [2004]; People v Batts, 53 Misc 3d 153[A], 2016 NY Slip Op 51729[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). To that end, the facts should be given a fair and not overly restrictive or technical reading (see People v Casey, 95 NY2d 354, 360 [2000]). " 'Reasonable cause to believe that a person has committed an offense' exists when evidence or information [*2]which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it" (CPL 70.10 [2]; see e.g. People v White, 51 Misc 3d 137[A], 2016 NY Slip Op 50574[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). Our factual review is limited to the four corners of each accusatory instrument, separately considered, along with any supporting depositions "which may accompany it" (CPL 100.40 [4] [b]; see generally People v Thomas, 4 NY3d 143, 146 [2005]).
With respect to defendant's guilty plea to the uncharged lesser (but not lesser included [see CPL 220.20]) offense of disorderly conduct in satisfaction of the accusatory instrument, to challenge the facial sufficiency of that accusatory instrument, defendant must successfully challenge the lone charge contained therein, to wit, unauthorized use of a vehicle in the third degree (see People v Mason, Misc 3d , 2019 NY Slip Op 29023 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). That accusatory instrument states that, according to the vehicle's owner, "items in said vehicle were rummaged through, that an imitation pistol and condoms not belonging to [the owner] were left on the driver's seat," and that "defendant's fingerprints were found on a condom wrapper." These allegations did not establish reasonable cause to believe that defendant "exercised control over . . . or otherwise use[d]" the vehicle without the owner's consent (Penal Law § 165.05 [1]). "[E]ntry alone is not enough under the statute, which expressly requires some degree of control or use," that is, "actions that interfere with or are detrimental to the owner's possession or use of the vehicle" (People v Franov, 17 NY3d 58, 64 [2011]). While defendant's entry into the vehicle was unauthorized, there was no evidence of vandalism or damage caused to the vehicle either by defendant's entry into the vehicle or of defendant's conduct within. The mere presence of an imitation pistol does not establish that defendant committed an offense in the owner's vehicle (see Penal Law § 265.01 [2]; Administrative Code of the City of New York § 131 [g] [1]; Matter of Tilar Mc., 116 AD3d 700, 701 [2014]; People v Maldonado, 55 Misc 3d 137[A], 2017 NY Slip Op 50505[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; People v Gilliam, 39 Misc 3d 143[A], 2013 NY Slip Op 50784[U], *1 [App Term, 1st Dept 2013]), and there are no allegations of fact associated with the imitation pistol which indicate "actions that interfere with or are detrimental to the owner's possession or use of the vehicle" (People v Franov, 17 NY3d at 64). What remains is the allegation that "items were rummaged through." While an assertion that a defendant had "rummage[d] through the glove compartment and center console" of a vehicle has been deemed sufficient to allege the offense (People v Bajas, 61 Misc 3d 20, 23 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]), a rummaging of unspecified "items" not alleged to constitute areas integral to the vehicle itself is insufficient to establish that defendant's conduct "interfered with or [was] detrimental to the owner's possession or use of [his] vehicle" to the degree necessary to support the charge (People v Rosario, 61 Misc 3d 150[A], 2018 NY Slip Op 51756[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). Thus, the guilty plea thereto must be vacated and the accusatory instrument charging that offense dismissed. 
We also agree that the second count of criminal possession of stolen property in the fifth degree under Criminal Court docket No. 2013RI005605, based on the possession of a stolen bicycle, is facially insufficient. While the facts stated in the accusatory instrument together with [*3]the owner's supporting deposition established that the bicycle found in defendant's possession belonged to another and that the owner had not given anyone permission to possess it, the accusatory instrument fails to allege defendant's knowing possession of the stolen bicycle with the intent to benefit himself (see Penal Law §§ 15.05 [2]; 165.55 [1]). "Knowledge that property is stolen may be shown circumstantially, such as by evidence of recent exclusive possession, defendant's conduct or contradictory statements from which guilt may be inferred" (People v Zorcik, 67 NY2d 670, 671 [1986]; People v Colon, 51 Misc 3d 135[A], 2016 NY Slip Op 50558[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]), and " 'the unexplained or falsely explained recent exclusive possession of the fruits of a crime' " allows " 'a permissible inference that defendant knew the property was stolen' " within the meaning of Penal Law § 165.55 (1) (People v Chandler, 104 AD3d 618, 619 [2013], quoting People v Landfair, 191 AD2d 825, 826 [1993]; see also People v Cintron, 95 NY2d 329, 332 [2000]; People v Hahn, 159 AD3d 1062, 1063 [2018]; People v Macapia, 39 Misc 3d 144[A], 2013 NY Slip Op 50819[U], *1 [App Term, 1st Dept 2013]). However, absent an allegation as to when the bicycle was stolen, or of facts circumstantially establishing a time frame, the inference based on recent exclusive possession is inapplicable. Consequently, the guilty plea to this count is vacated and the count dismissed.
The People argue that, because defendant was also charged in another count of the same information with the same offense, defendant's plea to an inadequately charged offense of the same nature does not render the error of jurisdictional significance since defendant could have pleaded guilty to the knowing possession of a stolen bicycle in satisfaction of the complaint even had it not been charged. However, where a defendant has pleaded guilty to one count in a multi-count instrument which also includes counts of an equal degree, a defendant is entitled to facial sufficiency review of the count to which he or she pleaded guilty, without the need to challenge the other counts in the accusatory instrument (see People v Mason, Misc 3d , 2019 NY Slip Op 29023; see generally CPL 470.55).
With respect to the count of criminal possession of stolen property in the fifth degree under Criminal Court docket No. 2013RI005657, the instrument alleged that defendant possessed a camera which, according to the victim, had been stolen from her a few days earlier. Although the accusatory instrument contains the apparent typographical error that the victim discovered that the camera was missing on July 12, "2012," not only does this statement immediately follow her assertion that she still had possession of the camera on July 9, 2013, but, in her supporting deposition dated July 26, 2013, she states that she last observed the camera in her automobile on July 9, 2013 and "realized [her] camera was missing on or about July 12, 2013." Further, while " 'the longer the period between the larceny and the discovery of [the] defendant's possession of the fruits of the crime, the stronger the circumstantial evidence must be before the inference of guilt may be drawn' " (People v Cole, 162 AD3d 1219, 1222-1223 [2018], quoting People v Schillaci, 68 AD2d 124, 126 [1979]), the facts establish a proper basis for the inference (see e.g. People v Archer, 160 AD3d 553, 553 [2018]; People v Waterford, 124 AD3d 1246, 1247 [2015]). The arresting officer stated that he had observed the camera in defendant's bag, and any issue concerning the propriety of its viewing and seizure is a matter for a motion to suppress the evidence.
As defendant raises no challenge to the judgment convicting him of criminal possession [*4]of stolen property in the fifth degree under Criminal Court docket No. 2013RI005606, the appeal therefrom is dismissed as abandoned.
Accordingly, the judgment convicting defendant of criminal possession of stolen property in the fifth degree under Criminal Court docket No. 2013RI005657 is affirmed; the judgment convicting defendant of disorderly conduct under Criminal Court docket No. 2013RI002727 is reversed, defendant's guilty plea thereto is vacated, that accusatory instrument is dismissed, and the fine thereon, if paid, is remitted; and the judgment convicting defendant of the second count of criminal possession of stolen property in the fifth degree under Criminal Court docket No. 2013RI005605 is reversed, defendant's guilty plea thereto is vacated, that count of the accusatory instrument is dismissed, the fine thereon, if paid, is remitted, and, instead of remitting the remaining counts under Criminal Court docket No. 2013RI005605 to their prepleading status (see CPL 470.55 [2]), we dismiss them, as a matter of discretion in the interest of justice, since defendant has completed his sentence and, under the totality of the circumstances presented, we are of the opinion that no penological purpose would be served in restoring the criminal action as to those counts (see People v Barrett-Jones, 60 Misc 3d 135[A], 2018 NY Slip Op 51055[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; cf. People v Allen, 39 NY2d 916, 917-918 [1976]).
PESCE, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 08, 2019